1   PETER N. LAMBERTO (SBN 061813)
    LAMBERTO & KREGER
2   160 West Santa Clara, Suite 1050
    San Jose, California 95113-2311
3   Telephone: (408) 999-0300
    Facsimile: (408) 999-0301
4
    Attorney for Plaintiff
5   EISHA UR-RAHMAN

6   GARY R. BASHAM (SBN 130119)
    SHANNA M. McDANIEL (SBN 229249)
7   BASHAM PARKER LLP
    701 University Avenue, Suite 220
8   Sacramento, California 95825
    Telephone:  (916) 925-5850
9   Facsimile:  (916) 925-5854

10  Attorneys for Defendant
    RADIOSHACK CORPORATION
11

12

13                  UNITED STATES DISTRICT COURT

14
                FOR THE NORTHERN DISTRICT OF CALIFORNIA
15

16  EISHA UR-RAHMAN,                     Case No. C 5:07- cv - 04427 PVT

17           Plaintiff,                  **JOINT CASE MANAGEMENT
                                         STATEMENT**
18      v.

19  RADIOSHACK CORPORATION, and DOES 1   Date:        December 4, 2007
    to 50 inclusive,                     Time:        2:00PM
20                                        Courtroom:   5
             Defendants.                 Before:      Magistrate Judge
21                                                    Patricia V. Trumbull

22          Pursuant to the court's August 27, 2007, order setting initial case management

23  conference and ADR deadlines, the parties submit this joint status report.

24  **1.     Jurisdiction & Service of Process**

25          This court has jurisdiction regarding the Plaintiff's claims pursuant to 28 U.S.C.

26  §§ 1332(a) and 1441(a).   The Plaintiff does not contest jurisdiction or venue.   Defendant

27  Radioshack Corporation ("Radioshack") has been served through counsel for Defendant, Gary

28  Basham, effective June 22, 2007.  On November 7, 2007, Shanna McDaniel advised counsel for

1  Plaintiff that Basham Parker LLP, is authorized to accept service on behalf of Radioshack.

2  **2.**      **Facts**

3           Radioshack employed Plaintiff as an Area Recruiting Manager between October

4  2004 and March 2007.   On or about March 1, 2007, Plaintiff was laid off from her job.

5  Defendant's position is that she was laid off for legitimate non-discriminatory reasons.

6  Radioshack did not consider Plaintiff's gender when it laid her off.

7  **3.**      **Legal Issues**

8           Whether Radioshack's decision to lay off Plaintiff was in violation of public

9  policy under California Fair Employment and Housing Act, Government Code § 12900 et. seq.

10 **4.**      **Motions**

11          Plaintiff does not expect to file any motions at this time.   The parties request a law

12 and motion cut off of 60 days before the final pretrial conference.   Defendant anticipates filing the

13 following possible pre-trial motions: (1) Motion for Judgment on the Pleadings and (2) Motion

14 for Summary Judgment or in the Alternative Motion for Summary Adjudication.

15 **5.**      **Amendment of Pleadings**

16          Plaintiff does not expect to amend her complaint at this time.   Parties do not

17 anticipate joinder of any additional parties.   In addition, Defendants do not believe "DOE"

18 defendants are proper in Federal Court.

19 **6.**      **Evidence Preservation**

20          The parties agreed to take steps to ensure evidence preservation.

21 **7.**      **Disclosures**

22          The parties meet and conferred regarding initial disclosure, early settlement, ADR

23 process selection and discovery plan on November 7, 2007.   Parties will exchange initial

24 disclosures as required by Fed. R. Civ. P. § 26(a)(1), no later than November 30, 2007.

25 **8.**      **Discovery**

26          No discovery has been taken to date because parties recently held their Fed. R.

27 Civ. P. § 26(f) conference and initial disclosures pursuant to Fed. R. Civ. P. § 26(a)(1) are not yet

28 due. The Parties will, following initial disclosures under FRCP 26, serve interrogatories, requests

for admission, and request for production of documents. The parties expect to serve notice and take depositions of the parties, percipient witnesses, and third party witnesses. Defendants will seek discovery regarding Plaintiff's claims and her alleged damages. Defendant will seek discovery regarding Defendant's anticipated affirmative defenses.

**Proposed Discovery Plan**

    <u>Initial Disclosures</u>

        Parties agree that all parties are to exchange the information called for under Fed. R. Civ. P. 26(a)(1) no later than November 30, 2007.

    <u>Subjects of Disclosure</u>

        Discovery to be conducted on the following subjects: The facts and claims alleged in the Complaint and facts and affirmative defenses raised in the Answer.

    <u>Interrogatories</u>

        Parties request no deviation from discovery limits set forth in the Federal Rules of Civil Procedure. Responses shall be due 30 days after service, if served personally, or 33 days if served by mail, unless extensions are granted.

    <u>Depositions</u>

        Parties request no deviation from the ten (10) deposition limit per party set forth in the Federal Rules of Civil Procedure. The length of any deposition may not exceed one day of seven hours, pursuant to Fed. R. Civ. P. 30(d)(2), unless the parties stipulate otherwise, or upon order of the court. Defendant requests permission for Plaintiff's deposition to continue for a second day if necessary. The parties agree to stipulate to allow additionally time will not unreasonably be withheld if needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination.

    <u>Request for Admissions</u>

        Plaintiff proposes a maximum of 30 requests for admission, inclusive of subparts, by each party to any other party. Defendant requests no deviation from the discovery limits set forth in the Federal Rules of Civil Procedure. Response shall be due 30 days after service, if personally served, or 33 days, if served by mail, unless extensions are granted.

1    Cut-off Date for Discovery

2        Plaintiff request that all discovery shall be commenced in time to be completed 45

3    days before the date set for the final pre-trial conference.  Defendant requests that all discovery

4    shall be commenced in time to be completed 90 days before the date set for the final pre-trial

5    conference.

6    Expert Witnesses

7        Parties do not anticipate use of expert witnesses at this time.  If expert witnesses

8    are sought, the disclosure of expert witnesses and expert witness reports prepared pursuant to Fed.

9    R. Civ. P. § (a)(2)(B) shall take place at least 60 days before the discovery cut off date.  Rebuttal

10   expert disclosures to be made 45 days before the discovery cut off date.

11   **9.    Class Actions**

12       No class action is anticipated at this time.

13   **10.    Related Cases**

14       There are no related cases.

15   **11.    Relief**

16       Plaintiff requests actual, consequential and incidental financial losses, including,

17   loss of earnings, employment benefits, and employment opportunities according to proof; for

18   exemplary and punitive damages, attorneys' fees and costs, pre and post-judgment interest, cost

19   of suit.  Based upon Plaintiff's Statement of Damages, Plaintiff requests $100,000 for pain and

20   suffering, $100,000 for emotional distress, an unknown amount of future medical expenses,

21   $22,500 in loss of earnings and $1,000,000 in punitive damages.

22   **12.    Settlement and ADR**

23       Parties agree to private mediation.  Parties request a mediation deadline date of 90

24   days prior to the final pre-trial conference.  The parties request a settlement conference scheduled

25   approximately 30 days before the final pre-trial conference.

26   / / /

27   / / /

28   / / /

**13.    Consent to Magistrate Judge for All Purposes**

The parties do not consent to a magistrate judge to conduct all further proceedings including trial and entry of judgment.  The parties request reassignment to a United States District Judge.

**14.    Other References**

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues**

The parties agree that the issue(s) in this case are already sufficiently narrowed and make no request to bifurcate issues, claims or defenses.

**16.    Expedited Trial Schedule**

Plaintiff proposes that this case is the type of case that can be handled on an expedited basis with streamlined procedures.

**17.    Scheduling**

Proposed date of Pre-Trial Conference

The parties request a Pre-Trial Conference 90 days before trial.

Plaintiff requests a trial date of August 18, 2008.

If an August 18, 2008, trial date is set, the following dates apply:

| | |
|---|---|
| Final Pre-Trial Conference: | May 20, 2008, (90 days before trial.) |
| Settlement Conference: | April 18, 2008,  (30 days before final pretrial) |
| Law and Motion Cut-off: | March 21, 2008, (60 days before final pretrial) |
| Discovery Cut-off: | April 4, 2008, (45 days before final pretrial) |
| Disclosure of Exerts | February 20, 2008, (90 days before final pretrial) |
| Rebuttal Experts: | March 31, 2008 (50 days before final pretrial) |

Defendant asserts the Plaintiff's represented trial date is too soon and it would prejudice Defendant's right to fully prepare the case for trial.  As a result Defendant requests a trial date of June 1, 2009.

/ / /

If a June 1, 2009 trial date is set, the following dates apply:

| | |
|---|---|
| Final Pre-Trial Conference: | March 3, 2009 (90 days before trial.) |
| Settlement Conference: | January 30, 2009 (30 days before final pretrial) |
| Law and Motion Cut-off: | January 2, 2009 (60 days before final pretrial) |
| Discovery Cut-off: | December 3, 2008 (90 days before final pretrial) |
| Disclosure of Exerts | October 3, 2008 (150 days before final pretrial) |
| Rebuttal Experts: | November 3, 2008 (120 days before final pretrial) |

**18.     Trial**

Plaintiff anticipates the trial of this matter will take 5 days. Defendant anticipates the trial will take 5 court dates if the trial is without a jury. Defendant anticipates a jury trial of this matter will take 5-7 court days.

**19.     Disclosure of Non-Party Interested Entities or Persons**

Parties are unaware of any non-party interested entities or persons.

**20.     Other Matters**

None.

Date: November 27, 2007                    LAMBERTO & KREGER


By: /s/ Peter N. Lamberto
PETER N. LAMBERTO

Attorney for Plaintiff
EISHA UR-RAHMAN

.

Date: November 27, 2007                    BASHAM PARKER LLP


By: /s/ Shanna M. McDaniel
GARY R. BASHAM
SHANNA M. McDANIEL

Attorneys for Defendant
RADIOSHACK CORPORATION