PETER N. LAMBERTO, State Bar No. 061813
LAMBERTO & KREGER
160 West Santa Clara, Suite 1050
San Jose, CA 95113-2311
Telephone: (408) 999-0300
Facsimile: (408) 999-0301

Attorneys for Plaintiff Eisha Ur-Rahman

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EISHA UR-RAHMAN<br><br>Plaintiff,<br><br>vs.<br><br>RADIOSHACK CORPORATION<br><br>Defendant. | Case No. **5:07-CV-04427 RMW**<br><br>**[Proposed]**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR WRONGFUL TERMINATION (CFR §825.214(a); 2 Cal Code Regs §7297.2); 29 U.S.C. §§ 2612 (a), 2615 (a)-(b); CA Gov. Code §§ 12940 (a), 12945.2(a), (l)** |

Claimant EISHA UR-RAHMAN, a competent adult woman, alleges against Defendants, and each of them:

1. Upon information and belief, this court is the court of proper jurisdiction of Plaintiff's claims pursuant to 28 U.S.C. §§ 1332(a) and 1441(a). The claims of plaintiff arose in this judicial district, and there is complete diversity between Plaintiff, a resident of California, and Defendant Radioshack, a Delaware corporation with its principal place of business in Texas. The amount in controversy exceeds $75,000, exclusive of interest and costs.

2. Defendant Radioshack Corporation (hereafter Radioshack) is a corporation that is

Exhibit A

1 qualified to do business and doing business in California, where it regularly employs more
2 than five persons.
3     3.  At all times relevant hereto between October 2004 and March 1, 2007, Plaintiff
4 was employed by defendant Radioshack, most recently as an Area Recruiting Manager, for an
5 area which included, upon information and belief, Northern California.
6     4.  Defendant is subject to suit under the California Fair Employment and Housing
7 Act, Government Code § 12900 *et seq.,* as an employer who regularly employs five or more
8 persons.  Claimant has complied with all claims or other requirements for filing a suit for
9 wrongful termination, and has received a "Right to Sue" letter from the California Department
10 of Fair Employment and Housing on or about May 1, 2007.

## FIRST CAUSE OF ACTION
## WRONGFUL TERMINATION

13     5.  Plaintiff incorporates paragraphs 1 through 4 above as if fully set forth at this place.
14     6.  On or about March 1, 2007, plaintiff was advised that she was being laid off and
15 terminated from her job by defendant upon the conclusion of an authorized leave taken
16 pursuant to pregnancy and childbirth, on the alleged basis of "need and geography." At the
17 time, plaintiff shared Northern California job responsibility with a male Area Recruiting
18 Manager, and Radioshack had allegedly determined that a reduction in force was necessary.
19 Radioshack did not explain to her what "need and geography" meant, or how it formed a
20 coherent basis for the decision to terminate plaintiff's employment with defendant.
21     7.  Upon information and belief, Plaintiff was laid off and terminated from
22 employment with Radioshack at the conclusion of an authorized pregnancy leave which was
23 taken by plaintiff pursuant to the Family and Medical Leave Act and/or the California Family
24 Rights Act, and the lay off was therefore in violation of 29 Code of Federal Regulations
25 (CFR) §825.214(a) and 2 Cal Code Regs §7297.2, and/or in retaliation for plaintiff using the
26 pregnancy leave.  Termination in retaliation for using medical leave pursuant to FMLA or
27 CFRA is illegal and in violation of California Gov. Code §§ 12940 (a), 12945.2(a) and (l),
28

Exhibit A     - 2 -

1 | and 29 U.S.C. §§ 2612 (a), 2615 (a)-(b).

2 |     8.  The above recited actions of defendant were done with malice, fraud, and
3 | oppression, and/or in conscious and reckless disregard of plaintiff's rights, in that the conduct
4 | of defendant was based on reasons that the defendant knew, or should have known, were
5 | illegal and despicable.

6 |     9.  Defendant, with knowledge that it had a statutory duty, as set forth above, to restore
7 | or reinstate plaintiff to her prior position or a similar position upon the completion of her
8 | maternity leave, and/or in retaliation for using pregnancy leave, as set forth above, agreed to
9 | authorize, and did authorize, plaintiff's lay off and termination from employment.  Said
10 | actions amounted to despicable conduct by defendant, as defendant knew, or reasonably
11 | should have known, that its conduct was illegal and would inflict humiliation and significant
12 | emotional and economic injury on plaintiff.   Such malicious and despicable conduct by
13 | defendant entitles plaintiff to exemplary damages against defendant according to proof.

14 |     10.  As a result of the wrongful lay off and termination of plaintiff's employment by
15 | defendant, plaintiff suffered injury to her health, and suffered emotional distress, humiliation,
16 | and embarrassment, all to her detriment and according to proof.  She also suffered lost
17 | earnings and other economic benefits of employment according to proof.

18 |     Wherefore, plaintiff prays judgment against defendant as follows:

19 |     1.  For all actual, consequential, and incidental financial losses, including but not
20 | limited to loss of earnings, employment benefits, and employment opportunities, according to
21 | proof;

22 |     2.  For compensatory and general damages in an amount according to proof;

23 |     3. For exemplary and punitive damages;

24 |     4.  For statutory attorneys' fees and costs;

25 |     5.  For pre-judgment and post-judgment interest on all such amounts according to any
26 | applicable provision of law, according to proof;

27 |     6.  For costs of suit;

28 |

7. For such other and further relief as the court deems proper.

Dated: April 17, 2008              LAMBERTO & KREGER

                                   By: /S/ Peter N. Lamberto
                                   PETER N. LAMBERTO
                                   Attorneys for Plaintiff Eisha Ur-Rahman

**Demand for Jury**

Plaintiff, by and through her attorneys, demands a trial by jury in the above matter.

Dated: April 17, 2008              LAMBERTO & KREGER

                                   By: /S/ Peter N. Lamberto
                                   PETER N. LAMBERTO
                                   Attorneys for Plaintiff Eisha Ur-Rahman