PETER N. LAMBERTO, State Bar No. 061813
LAMBERTO & KREGER
160 West Santa Clara, Suite 1050
San Jose, CA 95113-2311
Telephone: (408) 999-0300
Facsimile: (408) 999-0301

Attorneys for Plaintiff Eisha Ur-Rahman

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA

| | |
|---|---|
| EISHA UR-RAHMAN | Case No. 107CV086180 |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR WRONGFUL TERMINATION** |
| vs. | |
| RADIOSHACK CORPORATION, AND DOES 1-50, | |
| Defendants. | |

Plaintiff EISHA UR-RAHMAN, a competent adult woman, alleges against Defendants, and each of them:

1. At all times relevant hereto, the actions about which plaintiff herein complains and alleges took place in Santa Clara County, CA, in the city of Santa Clara.

2. Defendant Radio Shack Corporation (hereafter Radio Shack) and Does 1-10 are corporations or other business entities, forms unknown, that are qualified to do business and doing business in Santa Clara County, CA, where it employs regularly more than five persons.

3. At all times relevant hereto between October 2004 and March 1, 2007, plaintiff was employed by defendant Radio Shack, most recently as an Area Recruiting Manager, working from a base in Santa Clara County.

4. Defendants, and each of them, are subject to suit under the California Fair

Exhibit B

1 Employment and Housing Act, Government Code § 12900 *et seq.,* as an employer who
2 regularly employs five or more persons. Plaintiff has complied with all claims or other
3 requirements for filing a suit for wrongful termination, and has received a "Right to Sue"
4 letter from the California Department of Fair Employment and Housing on or about May 1,
5 2007.

## FIRST CAUSE OF ACTION
## WRONGFUL TERMINATION

8   5. Plaintiff incorporates paragraphs 1 through 4 of the complaint as if fully set forth at this place.

10   6. On or about March 1, 2007, plaintiff was laid off from her job by defendants, and each of them, on the alleged basis of "need and geography." At the time, plaintiff shared northern California responsibility with a male Area Recruiting Manager. Upon inquiry from plaintiff, no one could explain to her what "need and geography" meant, or how it formed a coherent basis for the decision to terminate her employment with defendants.

15   7. Upon information and belief, Plaintiff was laid off for reason related to her sex, female, because the defendants preferred a male in the position. At no time was plaintiff told that the decision had been made on the basis of an evaluation of their respective job performances.

19   8. The above recited actions of defendants, and each of them, were done with malice, fraud, and oppression, and/or in reckless disregard of Plaintiff's rights, in that the conduct of defendants, and each of them, was based on reasons that the defendants knew, or should have known, were illegal and despicable. Each defendant, with knowledge that the layoff was based on plaintiff's sex, or some other form of illegal discrimination as yet unknown to plaintiff, agreed to authorize, and did authorize, plaintiff's termination from employment. Said actions amounted to despicable conduct by defendants, and each of them, as they were intended to inflict humiliation and injury upon plaintiff. Such malicious conduct by defendants, and each of them, entitles plaintiff to exemplary damages against them according

1  to proof.

2      12.  As a result of the wrongful termination of plaintiff by defendants, and each of
3  them, plaintiff suffered injury to her health, and suffered emotional distress, humiliation, and
4  embarrassment, all to her detriment and according to proof.  She also suffered lost earnings
5  and other benefits of employment according to proof.

6      Wherefore, plaintiff prays judgment against defendants, and each of them, as follows:

7      1.  For all actual, consequential, and incidental financial losses, including but not
8  limited to loss of earnings, employment benefits, and employment opportunities, according to
9  proof;

10      2.  For compensatory and general damages in an amount according to proof;

11      3. For exemplary and punitive damages;

12      4.  For statutory attorneys' fees and costs;

13      5.  For pre-judgment and post-judgment interest on all such amounts according to any
14  applicable provision of law, according to proof;

15      6.  For costs of suit;

16      7.  For such other and further relief as the court deems proper.

17

18  Dated: May 16, 2007                            LAMBERTO & KREGER

19

20                                              By: _____
21                                                  PETER N. LAMBERTO
                                                Attorneys for Plaintiff

22

23

24

25

26

27

28