1  PETER N. LAMBERTO, State Bar No. 061813
   LAMBERTO & KREGER
2  160 West Santa Clara, Suite 1050
   San Jose, CA 95113-2311
3  Telephone: (408) 999-0300
   Facsimile: (408) 999-0301
4
5  Attorneys for Plaintiff Eisha Ur-Rahman

8  UNITED STATES DISTRICT COURT
9  NORTHERN DISTRICT OF CALIFORNIA

11 EISHA UR-RAHMAN                              Case No. C 07-04427 RMW

13         Plaintiff,                           **AMENDED NOTICE OF MOTION
                                                AND MOTION TO ALLOW
14 vs.                                          FILING OF FIRST AMENDED
                                                COMPLAINT [FRCP 15(a)];
   RADIOSHACK CORPORATION                       MEMORANDUM IN SUPPORT
15                                              OF MOTION**
           Defendant.
16 _____/        Date: June 13, 2008
                                                Time: 9 a.m.
17                                              Dept.: 6
                                                Trial Date: December 8, 2008
18
           TO DEFENDANT RADIOSHACK AND ITS ATTORNEYS OF RECORD:

           Please take notice that on June 13, 2008, at 9 a.m., or as soon thereafter as the matter may be heard in Department 6 of the above-entitled court, located at 280 S. First St., #2112, San Jose, CA, Plaintiff Eisha Ur-Rahman will move the court for an order allowing the filing of a First Amended Complaint pursuant to FRCP 15(a), on the ground that amendment would cure a defect in the pleadings about the theory of recovery, which should include a claim for violation by defendant of 29 CFR §825.214(a) and Cal Code Regs §7297.2, which statutes set forth the employee's right to be restored or reinstated to the same or similar employment position after returning from family/medical leave (pregnancy leave).

           This motion will be based on this Notice of Motion and Motion, the Memorandum of

1   Points and Authorities filed herewith, the declaration of Peter Lamberto and the exhibit
2   thereto in support of the motion filed herein, and the pleadings and papers filed herein.
3   Dated: April 29, 2008                             LAMBERTO & KREGER

                                                      /S/
5                                       By: _____
                                            PETER N. LAMBERTO
6                                           Attorneys for Plaintiff Eisha Ur-Rahman

8   **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
9   **MOTION TO ALLOW FILING OF FIRST AMENDED COMPLAINT**
10  **[FRCP 15(a)]**

12                          **A.  Statement of Facts**
13      The complaint on file herein was filed in Santa Clara County Superior Court on or about
14  May 16, 2007, and was removed to this court by defendant Radioshack on or about August
15  27, 2007, based on diversity jurisdiction.  At the case management conference on January 25,
16  2008, no discovery had yet been conducted, and it was not anticipated at the time that here
17  would be amendments to the pleadings.
18      However, in preparing responses to written discovery requests from defendant in mid
19  February 2008, counsel for plaintiff became aware that the stated cause of action for wrongful
20  termination based on sex discrimination did not accurately reflect or state a claim for violation
21  of the right to return to work from pregnancy leave, stating instead that the wrongful
22  termination was based on plaintiff's female sex "or some other form of illegal discrimination
23  as yet unknown to plaintiff." (Ex. B to Lamberto declaration, Complaint, para. 8, line 26)
24      In realization of the need to amend the complaint, counsel for plaintiff wrote to
25  counsel for defendant on February 21, 2008, indicating an intention to amend the complaint to
26  state a cause of action for wrongful termination based on plaintiff's having taken pregnancy
27  leave, and asking if defendant would stipulate to the filing of an amended complaint.  At that
28  point in time, no depositions had yet been taken, and counsel for plaintiff indicated that

1  defendants could propound additional written discovery if they needed to do so in light of the
2  proposed amendment.
3      No response from defendant was forthcoming.  Since that time, the earlier *proposed*
4  amended complaint has been modified further to clarify the claim, for set forth violation of
5  statutes requiring that plaintiff be returned to her prior position upon the completion of
6  authorized maternity leave, and/or for retaliation for taking maternity leave.
7      The facts justifying a motion to amend were reinforced by the taking of the deposition
8  of plaintiff's supervisor, Donetta Gunnells, on April 2, 2008. Ms. Gunnells testified that the
9  decision to lay plaintiff off was based on "performance."  With this explanation, it became
10  clear that significant factual issues exist as to the true motivation of defendant in laying off
11  plaintiff, as her performance was consistently praised during her years of employment with
12  defendant prior to taking her second maternity leave, in November 2006.
13      At the time of the filing of the original complaint, the motivation for defendant's
14  action in not returning plaintiff to her original position upon return from maternity leave on
15  April 1, 2007 was theorized to be based on sex discrimination, because the person retained by
16  defendant in a position similar to plaintiff's position, Area Recruiting Manager, was male, and
17  the only explanation given to plaintiff upon her layoff was "need and geography."
18      At the deposition of Ms. Gunnells on April 2, 2008, counsel for defendant was asked
19  for a response to the earlier inquiry about a stipulation for amendment; the response was "no,"
20  necessitating this motion.
21      The amended case management order filed by the court on February 29, 2008, did not
22  set any deadlines for the amendment of pleadings, so there is no necessity to revise the order
23  in that regard.  The proposed amendment of the complaint should not have any effect on the
24  current scheduling parameters set by the court, nor on the current trial date of December 8,
25  2008.

### B. Legal Argument

27    FRCP 15(a) maintains that leave to amend a complaint "shall be freely given when justice
28  so requires."  The cases interpreting this statute indicate that leave to amend should be freely

1  given unless the opposing party makes a strong showing of undue prejudice, bad faith, or
2  dilatory motive on the part of the moving party.  *Foman v. Davis* (19620 371 US 178, 182, 83
3  S. Ct. 227,230; *FilmTec Corp. v. Hydranautics* (Fed. Cir. 1995) 67 F3d 931, 935-936;
4  *Martinez v. Newport Beach City* (9th Cir. 1997) 125 F3d 777, 785.

5  The policy (to allow amendments) should be applied with "extreme liberality."
6  [*Eminence Capital, LLC v. Aspen, Inc.* (9th Cir. 2003) 316 F3d 1048, 1051], especially when
7  the amendment modifies a claim, instead of adding parties.  *Union Pac. R. R. Co. v. Nevada*
8  *Power Co.* (9th Cir. 1991) 950 F2d 1429, 1432

9  Defendant's counsel has been advised that additional written discovery could be
10 propounded in consideration of the proposed amended complaint.  Plaintiff's deposition was
11 taken on April 3, 2008, over a month after defendant was advised of the intention to amend
12 the complaint to allege a wrongful termination related to the taking of maternity leave, as
13 opposed to discrimination based on sex, though the two theories are, in a sense, two ways of
14 looking at the same factual scenario from different perspectives.

### C.  Conclusion

16 No significant prejudice should accrue to defendant from this proposed change in the
17 pleadings, and no delay should result from the amendment. Because of the willingness of
18 plaintiff to allow additional written discovery related to the amended complaint, if defendant
19 deems it necessary, and considering the judicial interpretation of Rule 15(a) in allowing the
20 amendment of pleadings in the interest of justice, it is respectfully requested that the motion
21 for an order allowing the filing of a First Amended Complaint be granted.

23 Dated: April 17, 2008                    LAMBERTO & KREGER

25                                          By: /S/
26                                              PETER N. LAMBERTO
                                                Attorneys for Plaintiff Eisha Ur-Rahman

- 4 -