1  GARY R. BASHAM (SBN 130119)
   SHANNA M. McDANIEL (SBN 229249)
2  BASHAM PARKER LLP
   701 University Avenue, Suite 220
3  Sacramento, California 95825
   Telephone: (916) 925-5850
4  Facsimile: (916) 925-5854

5  Attorneys for Defendant
   RADIOSHACK CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EISHA UR-RAHMAN, | Case No. 5:07-cv-04427-RMW |
| Plaintiff, | **DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO ALLOWING FILING OF FIRST AMENDED COMPLAINT** |
| v. | |
| RADIOSHACK CORPORATION, and DOES 1 to 50 inclusive, | |
| Defendants. | Hearing Date: June 13, 2008<br>Time: 9:00 a.m.<br>Dept: 6 |
| | Trial Date: December 8, 2008 |

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................... i

TABLE OF AUTHORITIES .................................................................................................... ii

I. INTRODUCTION ........................................................................................................ 1

II. STATEMENT OF FACTS ........................................................................................... 2

    A. Plaintiff Knew of the New Cause of Action Prior to the Inception of this Case ................................................................................................................. 2

    B. The Parties Have Completed a Significant Amount of Discovery in this Case ................................................................................................................. 3

    C. Plaintiff Continues to Allege New Claims ..................................................... 3

III. LEGAL ARGUMENT .................................................................................................. 3

    A. Standard of Review ......................................................................................... 3

    B. Plaintiff's Undue Delay ................................................................................... 4

        1. Plaintiff Unduly Delayed Amending Her Complaint When She Knew Facts Supporting the New Claims Prior to the Inception of This Case ............................................................................................... 4

        2. Plaintiff Further Caused Undue Delay by Refusing Opportunities to Amend her Complaint Throughout This Case ....................................... 5

    C. RadioShack Will Be Prejudiced If the Court Allows Plaintiff to Assert New Claims ..................................................................................................... 7

        1. Court Imposed Discovery Limits Are Exhausted ................................. 8

        2. RadioShack Will Suffer Undue Expense and Delay ............................ 8

        3. The Parties Will Be Deprived of the Opportunity to Engage in a Meaningful Mediation .......................................................................... 9

        4. Plaintiff's Motion is an Attempt to Avoid RadioShack's Motion for Summary Judgment .............................................................................. 9

IV. CONCLUSION ........................................................................................................... 10

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Acri v. International Ass'n of Machinists & Aerospace Workers*
(9th Cir. 1996) 781 F.2d 1393, 1398-99. ..................................................................... 4, 9

*AmerisourceBergen Corp. v. Dialysist West, Inc.*
(9th Cir. 2006) 465 F.3d 946, 953 ................................................................................... 6

*Campbell v. Emory Clinic*
(11th Cir. 1999) 166 F.3d 1157, 1162 .............................................................................. 8

*DCD Programs, Ltd. v. Leighton*
(9th Cir. 1987) 833 F.2d 183, 186 ................................................................................... 4

*Eminence Capital, LLC v. Aspeon, Inc.*
(9th Cir. 2003) 316 F.3d 1048, 1052 ............................................................................... 7

*Jackson v. Bank of Hawaii*
(9th Cir. 1990) 902 F.2d 1385, 1388 ............................................................................... 6

*Kaplan v. Rose*
(9th Cir. 1994) 49 F.3d 1363, 1370 ................................................................................. 4

*Solomon v. North American Life & Cas. Ins. Co.*
(9th Cir. 1998) 151 F.3d 1132, 1139 ............................................................................... 8

*Swanson v. United States Forest Service*
(9th Cir. 1996) 87 F.3d 339, 343 ..................................................................................... 3

*Texaco, Inc. v. Ponsoldt*
(9th Cir. 1991) 939 F.2d 794, 798-799. ....................................................................... 4, 8

**FEDERAL STATUTES**

Federal Rules of Civil Procedure 26(f). ........................................................................ 3, 5

## I. INTRODUCTION

Plaintiff Eisha Ur-Rahman ("Plaintiff") was laid off by Defendant RadioShack Corporation ("RadioShack") as part of a company-wide reduction in force. Specifically, Plaintiff was one (1) of seventeen (17) Area Recruiting Managers ("Recruiting Managers") who were laid off. Plaintiff's original complaint alleges RadioShack wrongfully terminated Plaintiff from her Recruiting Manager position because of her sex.

Plaintiff, however, cannot prove that she was selected for layoff due to her gender. Plaintiff learned of this fact through discovery in this case. Undisputed evidence proves that RadioShack's reduction in force actually increased the percentage of female Recruiting Managers (68%) versus males (31%). In California, RadioShack laid off both male and female Recruiting Managers and retained one (1) male and one (1) female. Gender played no role in RadioShack's decision to layoff Plaintiff.

Plaintiff now wants to assert completely new claims in place of her sex discrimination claim. Plaintiff asks the Court to allow her to file an Amended Complaint, which asserts claims of retaliation and failure to reinstate Plaintiff under the Family Medical Leave Act ("FMLA") and California Family Rights Act ("CFRA"). Plaintiff's request will substantially prejudice RadioShack, is without merit, and should be denied.

Plaintiff asserts the amendment is necessary to "cure a defect in the pleadings." The only defect is the assertion of a frivolous sex discrimination claim. Plaintiff obviously knew before she filed her original Complaint that she was on an FMLA/CFRA leave when she was laid off. In fact, Plaintiff wrote in her Complaint of Discrimination she filed with the California Department of Fair Employment and Housing ("DFEH") that she believed she was laid off because she took FMLA leave. Therefore, Plaintiff knew prior to the inception of this case that she could allege retaliation and reinstatement claims, but she failed to do so. Instead, Plaintiff chose to assert a sex discrimination claim. Plaintiff should not be allowed to completely change the case at this late date by asserting new theories of relief that were known to her prior to filing her complaint.

///

1    RadioShack will suffer substantial prejudice if Plaintiff is granted leave to file what amounts to a new complaint and a new theory for relief. RadioShack has exhausted its written discovery limits and already deposed Plaintiff. RadioShack also prepared and produced its third party witness for her deposition. RadioShack has incurred substantial costs in participating in discovery on what was purported to be a sex discrimination case. The parties aimed to mediate the case by the court imposed deadline of May 23, 2008. If mediation failed, RadioShack expected to prevail on its motion for summary judgment. If Plaintiff's motion is granted the parties will essentially have to start over, litigating what amounts to a new case. As a result, RadioShack respectfully requests the Court to deny Plaintiff's Motion to Allow Filing of First Amended Complaint.

## II.    STATEMENT OF FACTS

### A.    Plaintiff Knew of the New Cause of Action Prior to the Inception of this Case

Plaintiff's initial complaint filed with the Santa Clara County Superior Court included as an exhibit Plaintiff's Complaint of Discrimination filed with the DFEH. (Shanna McDaniel Declaration ("McDaniel Decl.") ¶ 3, Exhibit ("Exh.") A.) The DFEH Complaint alleges Plaintiff was "laid off" because of her "sex" because she "took FMLA and ha[s] 2 small children." (McDaniel Decl. ¶ 3, Exh. A.) Plaintiff signed the DFEH Complaint on March 12, 2007. (McDaniel Decl. ¶ 3, Exh. A.)

Despite clearly asserting in her DFEH Complaint her belief that she was laid off for taking an FMLA/CFRA leave of absence, Plaintiff did not include this assertion in her civil Complaint. (McDaniel Decl. ¶ 3, Exh. A.) Instead, Plaintiff chose only to assert a sex discrimination claim. (McDaniel Decl. ¶ 3, Exh. A.) At deposition, Plaintiff admitted she was represented by counsel at the time the DFEH Complaint was filed, and that counsel filed the administrative complaint on her behalf. (McDaniel Decl. ¶ 4, Exh. B.) Thus, Plaintiff's counsel also knew at the time the DFEH Complaint was filed that Plaintiff believed she was laid off because she "took FMLA" leave.

Despite numerous opportunities since RadioShack removed this case from Santa Clara Superior Court to this Court on August 27, 2007, Plaintiff did not ask this Court to amend

her complaint until recently. (Plaintiff's Motion to Allow Filing First Amended Complaint, dated April 18, 2008.) At the November 7, 2007 Federal Rule of Civil Procedure 26(f) conference, RadioShack (through counsel) specifically asked whether Plaintiff intended to file any amendments to which she (through counsel) responded "No." (McDaniel Decl. ¶ 6.) Plaintiff also failed to communicate any intent to amend her Complaint in either of the two Joint Case Management Statements signed by Plaintiff's counsel on November 27, 2007, and January 18, 2008. (McDaniel Decl. ¶ 6, Exh. C & D.)

**B.     The Parties Have Completed a Significant Amount of Discovery in this Case**

RadioShack has thoroughly responded to two sets of discovery. (McDaniel Decl. ¶ 9.) RadioShack has also propounded Special Interrogatories, Requests for Admissions and a Request for Production of Documents, reviewed Plaintiff's responses, and sent correspondence asking Plaintiff to resolve her incomplete responses. (McDaniel Decl. ¶ 8.) RadioShack prepared and produced its employer witness for deposition on April 1, 2008. (McDaniel Decl. ¶ 9.) RadioShack deposed Plaintiff on April 2, 2008. (McDaniel Decl. ¶ 4, Exh. B.) All of this discovery related solely to Plaintiff's claim of sex discrimination. RadioShack is preparing for mediation and, if unsuccessful, intends to move for summary judgment on Plaintiff's sex discrimination claim. (McDaniel Decl. ¶ 10.)

**C.     Plaintiff Continues to Allege New Claims**

Even after Plaintiff moved this court to Allow Filing of First Amend Complaint, Plaintiff continues to assert new theories of relief. Most recently, on May 11, 2008, Plaintiff supplemented her Special Interrogatory responses to allege yet another claim of relief for failure to reinstate Plaintiff after taking FMLA and CFRA leave. (McDaniel Decl. ¶ 8, Exh. F.) Failure to reinstate Plaintiff was not an allegation made in Plaintiff's original complaint or Plaintiff's most recent Motion to Amend Complaint. (McDaniel Decl. ¶ 3, Exh. A.)

### III.    LEGAL ARGUMENT

**A.     Standard of Review**

Leaves to amend a complaint are reviewed for abuse of discretion. (*Swanson v. United States Forest Service* (9th Cir. 1996) 87 F.3d 339, 343.) Factors the Court should consider

include: 1) whether the timing of the amendment was caused by Plaintiff's undue delay; 2) whether the defendant will be prejudiced by the amendment; and 3) the futility of the amendment. (*DCD Programs, Ltd. v. Leighton* (9th Cir. 1987) 833 F.2d 183, 186.)

As set forth more fully below, Plaintiff caused undue delay in asserting a new claims in this case and RadioShack will be substantially prejudiced if Plaintiff is allowed to amend her complaint. Plaintiff's proposed amendment is a futile attempt to rescue her case from RadioShack's inevitable summary judgment motion. Accordingly, the Court should deny Plaintiff's Motion to Allow Filing of First Amended Complaint in its entirety.

**B.     Plaintiff's Undue Delay**

    **1.     Plaintiff Unduly Delayed Amending Her Complaint When She Knew Facts Supporting the New Claims Prior to the Inception of This Case**

Undue delay is a valid reason for denying leave to amend. (*Texaco, Inc. v. Ponsolt* (9th Cir. 1991) 939 F.2d 794, 798.) Leave to amend should be denied when Plaintiff knew when drafting the original pleading the facts that serve as the basis for the amendment. (*Kaplan v. Rose* (9th Cir. 1994) 49 F.3d 1363, 1370.) As a result, this Court must decide whether Plaintiff knew of the facts supporting her proposed retaliation and reinstatement claims at the time she filed her original pleading and whether her delay to amend the complaint is unreasonable.

As the Ninth Circuit stated in *Kaplan*, "Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." (*Kaplan* at 1370 citing *Acri v. International Ass'n of Machinist* 781 F.2d 1393, 1298.) [Emphasis added.] The Ninth Circuit in *Kaplan* held that the district court did not abuse its discretion in refusing to consider Plaintiff's new allegations when the face of Plaintiff's complaint showed that he knew of the facts supporting his securities fraud claim at the start of litigation. (*Kaplan* at 1370 <u>citing</u> *Acri v. International Ass'n of Machinist* 781 F.2d 1393, 1298.) [Emphasis added.]

Similar to *Kaplan*, Plaintiff's original Complaint reflects that she knew the alleged facts supporting her retaliation and failure to return to work claims before the Complaint was ever drafted or filed. (McDaniel Decl. ¶ 3, Exh. A.) Plaintiff's May 16, 2007 civil Complaint

included as an exhibit Plaintiff's administrative DFEH Complaint. (McDaniel Decl. ¶ 3, Exh. A.) Plaintiff's DFEH Complaint alleged that Plaintiff was "laid off" because she "took FMLA and ha[s] 2 small children." (McDaniel Decl. ¶ 3, Exh. A.) Thus, when Plaintiff signed the DFEH complaint (March 12, 2007), she was claiming she was laid off because she took "FMLA" leave, the very claims Plaintiff now wants to assert in her proposed amended complaint.

Plaintiff's counsel's assertion that he was unaware of Plaintiff's potential retaliation and reinstatement claims until February 2008 is dubious at best. (Exh. B to Lamberto Declaration.) At deposition, Plaintiff admitted her legal counsel helped her fill out the information included on the DFEH complaint and that that he filed the administrative complaint with the DFEH on her behalf. (McDaniel Decl. ¶ 4, Exh. B.) Based on Plaintiff's deposition testimony and her written statements contained within the DFEH complaint, Plaintiff (and her legal counsel) clearly knew the facts supporting her proposed retaliation and reinstatement claims before she ever filed her original civil Complaint. As a result, her attorney's lengthy delay to amend the complaint is unreasonable. Plaintiff's further delay in supplementing her discovery responses until May 11, 2008, to now also include reinstatement claims are also unreasonable and prejudicial to Defendant. Therefore, this Court should deny Plaintiff's Motion to Allow Filing of First Amended Complaint in its entirety.

2. **Plaintiff Further Caused Undue Delay by Refusing Opportunities to Amend her Complaint Throughout This Case**

Plaintiff was given ample opportunities throughout this case to amend her civil Complaint but failed to do so. Counsel for RadioShack specifically asked Plaintiff's counsel during the November 7, 2007 Federal Rule of Civil Procedure 26(f) conference whether Plaintiff anticipated amending her complaint; Plaintiff's counsel responded, "No." (McDaniel Decl. ¶ 6.) Plaintiff also signed two Joint Case Management Statements dated November 27, 2007, and January 18, 2008, which indicated Plaintiff did not intend to amend her complaint. (McDaniel Decl. ¶ 6, Exh. C & D.) Finally, Plaintiff had another opportunity to request leave to amend her complaint at the January 25, 2008, case management conference. (McDaniel Decl. ¶ 7.) Clearly, Plaintiff's delay in seeking leave to amend her complaint is undue.

The Ninth Circuit recently upheld a District Court decision stating that an "eight month delay between obtaining a relevant fact and seeking leave is unreasonable" and results in undue delay. (*AmerisourceBergen Corp. v. Dialysist West, Inc.* (9th Cir. 2006) 465 F.3d 946, 953 citing *Jackson v. Bank of Hawaii* (9th Cir. 1990) 902 F.2d 1385, 1388.) In *Jackson*, the Ninth Circuit held that an eight (8) month delay between learning of facts supporting a new theory and filing an amended complaint was "inexplicable and unjustified" when plaintiff's amendment sought to assert different legal theories requiring proof of different facts. (*Jackson* at 1388.)

In *AmerisourceBergen Corp.*, the plaintiff sought leave to amend to assert a new theory fifteen (15) months after it first discovered the possibility of the claim. The court held that although eight (8) months of discovery remained, plaintiff caused undue delay which would unfairly impose potentially high, additional litigation costs on Defendant which could have easily been avoided if Plaintiff pursued its alternative theory in its original complaint. (*AmerisourceBergen Corp.* at 953-94.)

Here, Plaintiff waited over one (1) year between obtaining the relevant facts regarding her retaliation and reinstatement claims (March 12, 2007) and seeking leave to amend her complaint (April 18, 2008). (McDaniel Decl, ¶ 3, Exh. A and Plaintiff's Motion to Allow Filing of First Amended Complaint.) Unlike the party in *AmerisourceBergen Corp.* who had eight (8) months to conduct discovery on the new claim (in which the motion to amend was still denied), RadioShack will have less than seven (7) weeks to conduct additional discovery on Plaintiff's new claims which are based on different facts. (McDaniel Decl. ¶ 7, Exh. E.) Plaintiff failed to take advantage of multiple opportunities to amend her civil complaint throughout the litigation process after removal to this court. (McDaniel Decl. ¶¶ 6-7, Exh. C-E.)

Because Plaintiff and her counsel knew of facts supporting retaliation and reinstatement claims prior to the filing of her original complaint and waited more than one (1) year to seek leave to amend it, Plaintiff has caused undue delay. Therefore, Plaintiff's motion should be denied.

///

///

C. **RadioShack Will Be Prejudiced If the Court Allows Plaintiff to Assert New Claims**

If the Court grants Plaintiff's motion, RadioShack will suffer substantial prejudice. Of the factors this Court must consider when granting or denying leave to amend, "prejudice to the opposing parties carries the greatest weight." (*Eminence Capital, LLC v. Aspeon, Inc.* (9th Cir. 2003) 316 F.3d 1048, 1052.) First, RadioShack exhausted court imposed limits on the amount of written discovery it could propound before Plaintiff ever sought to amend her Complaint. (McDaniel Decl. ¶¶ 7-8.) Second, RadioShack made diligent efforts to timely and thoroughly respond to Plaintiff's voluminous and overly broad discovery requests. (McDaniel Decl. ¶ 9.) If leave is granted, RadioShack will have less than seven (7) weeks to conduct discovery on Plaintiff's claims. (McDaniel Decl. ¶ 7, Exh. E.) An amendment at this juncture will further deprive the parties of the opportunity to settle this matter through mediation and cause the parties to miss the Court imposed deadline to mediate. (McDaniel Decl. ¶¶ 7 & 10.) RadioShack will further suffer substantial harm because adding retaliation and/or failure to reinstate claims would deprive it of the ability to file a motion for summary judgment without any further opportunity for written discovery or to depose Plaintiff regarding her new claims. (McDaniel Decl. ¶ 10.)

Even if additional discovery is allowed, RadioShack would be substantially prejudiced by the costs incurred in responding to entirely new claims. Not only did Plaintiff file a Motion to Amend her complaint to assert new theory of relief, but since that time, on May 11, 2008, Plaintiff also supplemented her discovery responses to not only allege retaliation but also, failure to reinstate Plaintiff under FMLA and CFRA. (McDaniel Decl. ¶ 8, Exh. F.) If Plaintiff's claims are amended or Plaintiff's is next allowed to assert reinstatement claims, Defendant will suffer a substantial burden in bearing the additional costs associated with future discovery including re-propounding written discovery, responding to written discovery, deposing Plaintiff a second time and preparing for and defending a second deposition of its third-party witness, all on futile claims.

This Court should not allow Plaintiff change the fundamental nature of the case at this late stage after the parties have substantially completed discovery. To do so would unduly

prejudice RadioShack. Plaintiff's motion therefore should be denied.

### 1. Court Imposed Discovery Limits Are Exhausted

This Court amended the Case Management Scheduling Order on February 29, 2008, and limited the number of Request for Admissions, Interrogatories, and Requests for Production of Documents the parties may propound. (McDaniel Decl.¶ 7, Exh. E.) The limitation was presumptively based on the discovery RadioShack propounded as of the date of the case management conference and determined in light of a single cause of action for sex discrimination. Courts have held that "Prejudice and undue delay are *inherent* in an amendment asserted after the close of discovery ...." (*Campbell v. Emory Clinic* (11th Cir. 1999) 166 F.3d 1157, 1162 (emphasis added); see also *Solomon v. North American Life & Cas. Ins. Co.* (9th Cir. 1998) 151 F.3d 1132, 1139 [holding motion "on the eve of the discovery deadline" properly denied because it would have required reopening discovery, thus delaying proceedings].) Filing an amended complaint after a party exhausts court imposed limits on written discovery and after Plaintiff's deposition is equivalent to filing the amended complaint after the close of discovery and should not be allowed.

### 2. RadioShack Will Suffer Undue Expense and Delay

Courts hold that when parties engage in voluminous discovery, the expense, delay and wear and tear on individuals and companies counts toward prejudice. (*Texaco, Inc. v. Ponsoldt* (9th Cir. 1991) 939 F.2d 794, 799.) RadioShack made diligent efforts and incurred substantial costs to provide Plaintiff with thorough responsive documents and information in response to two sets of discovery. (McDaniel Decl. ¶ 9.) RadioShack also incurred substantial expenses to prepare and defend RadioShack's witnesses for depositions noticed by Plaintiff. RadioShack further deposed Plaintiff on April 2, 2008, before any amended complaint was filed. (McDaniel Decl. ¶ 9.)

To allow further discovery on a different legal theory based on different facts will effectively nullify prior discovery efforts and impose a heavy financial burden on RadioShack. It is unfair for the Court to require RadioShack to start the discovery process all over to oppose an entirely new claims.

### 3. The Parties Will Be Deprived of the Opportunity to Engage in a Meaningful Mediation

RadioShack worked diligently to comply with discovery requests to ensure that the parties could effectively mediate this case by the court imposed deadline of May 23, 2008. (McDaniel Decl. ¶¶ 9-10.) Plaintiff's delay in filing this motion has thwarted RadioShack's efforts to comply with this Court's order. Additionally, if Plaintiff's motion is granted and the parties are forced to mediate Plaintiff's new claims without discovery, the mediation will likely be untimely and unproductive. Mediation under these circumstances is not conducive to settlement and deprives the parties of any meaningful opportunity to resolve this matter.

### 4. Plaintiff's Motion is an Attempt to Avoid RadioShack's Motion for Summary Judgment

If mediation attempts failed, RadioShack planned to file a motion for summary judgment to dispose of this case. (McDaniel Decl. ¶ 10.) Plaintiff's sex discrimination claim is frivolous and subject to summary judgment. Opposing counsel has apparently determined through discovery that his client's Complaint is without merit and now seeks to change his theories of relief to avoid summary judgment. If Plaintiff's motion is granted, RadioShack will have less than (7) weeks to start the discovery process all over to obtain the evidence to support a Motion for Summary Judgment on a completely new theory. (McDaniel Decl. ¶ 7, Exh. E.) The Ninth Circuit holds that a motion to amend brought to avoid the possibility of an adverse summary judgment ruling is prejudicial because it would require the need for further discovery. (*Acri v. International Ass'n of Machinists & Aerospace Workers* (9th Cir. 1996) 781 F.2d 1393, 1398-99.) Similarly here, RadioShack's inability to file a dispositive motion without further discovery would cause substantial prejudice to RadioShack and result in a waste of this Court's judicial resources in hearing meritless claims. The Court should not countenance Plaintiff's counsel's gamesmanship in this case. Plaintiff's motion should be denied.

///

///

///

## IV. CONCLUSION

Because Plaintiff's Motion to Allow Filing of First Amended Complaint was unreasonably delayed, is without merit, and causes substantial prejudice to RadioShack, RadioShack respectfully requests that the Court deny Plaintiff's Motion in its entirety.

Date: May 19, 2008                                    BASHAM PARKER LLP

By:  /S/ Shanna M. McDaniel
GARY R. BASHAM
SHANNA M. McDANIEL

Attorneys for Defendant
RADIOSHACK CORPORATION