EXHIBIT A

1  PETER N. LAMBERTO, State Bar No. 061813
   LAMBERTO & KREGER
2  160 West Santa Clara, Suite 1050
   San Jose, CA 95113-2311
3  Telephone: (408) 999-0300
   Facsimile: (408) 999-0301
4
   Attorneys for Plaintiff Eisha Ur-Rahman
5

**ENDORSED**

2001 MAY 18 P 1: 51

SAN JOSE, CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA, CALIFORNIA
BY _____
EDPUTCHER

A. FLORESCA

8      SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA

10  EISHA UR-RAHMAN                    Case No. **107CV086180**

11              Plaintiff,             **COMPLAINT FOR DAMAGES
                                       FOR WRONGFUL
12  vs.                                TERMINATION**

13  RADIOSHACK CORPORATION, AND DOES
14  1-50,

15              Defendants.
                                    /
16
       Plaintiff EISHA UR-RAHMAN, a competent adult woman, alleges against
17
   Defendants, and each of them:
18
       1.  At all times relevant hereto, the actions about which plaintiff herein
19
   complains and alleges took place in Santa Clara County, CA, in the city of
20
   Santa Clara.
21
       2.  Defendant Radio Shack Corporation (hereafter Radio Shack) and Does
22
   1-10 are corporations or other business entities, forms unknown, that are
23
   qualified to do business and doing business in Santa Clara County. C[...]
24
   employs regularly more than five persons.
25
       3.  At all times relevant hereto between October 2004 and March
26
   2007, plaintiff was employed by defendant Radio Shack, most recently as a
27
   Area Recruiting Manager, working from a base in Santa Clara County.
28

Complaint for Damages

1    4.  Defendants, and each of them, are subject to suit under the California

2  Fair Employment and Housing Act, Government Code § 12900 *et seq.,* as an

3  employer who regularly employs five or more persons.  Plaintiff has complied

4  with all claims or other requirements for filing a suit for wrongful termination,

5  and has received a "Right to Sue" letter from the California Department of Fair

6  Employment and Housing on or about May 1, 2007.

7                    <u>FIRST CAUSE OF ACTION</u>

8                    <u>WRONGFUL TERMINATION</u>

9    5.  Plaintiff incorporates paragraphs 1 through 4 of the complaint as if

10  fully set forth at this place.

11    6.  On or about March 1, 2007, plaintiff was laid off from her job by

12  defendants, and each of them, on the alleged basis of "need and geography."

13  At the time, plaintiff shared northern California responsibility with a male Area

14  Recruiting Manager.  Upon inquiry from plaintiff, no one could explain to her

15  what "need and geography" meant, or how it formed a coherent basis for the

16  decision to terminate her employment with defendants.

17    7.  Upon information and belief, Plaintiff was laid off for reason related to

18  her sex, female, because the defendants preferred a male in the position.  At no

19  time was plaintiff told that the decision had been made on the basis of an

20  evaluation of their respective job performances.

21    8.  The above recited actions of defendants, and each of them, were

22  done with malice, fraud, and oppression, and/or in reckless disregard of

23  Plaintiff's rights, in that the conduct of defendants, and each of them, was

24  based on reasons that the defendants knew, or should have known, were illegal

25  and despicable.  Each defendant, with knowledge that the layoff was based on

26  plaintiff's sex, or some other form of illegal discrimination as yet unknown to

27  plaintiff, agreed to authorize, and did authorize, plaintiff's termination from

28  employment.  Said actions amounted to despicable conduct by defendants, and

Complaint for Damages                - 2 -

1  each of them, as they were intended to inflict humiliation and injury upon

2  plaintiff.   Such malicious conduct by defendants, and each of them, entitles

3  plaintiff to exemplary damages against them according to proof.

4       12.  As a result of the wrongful termination of plaintiff by defendants,

5  and each of them, plaintiff suffered injury to her health, and suffered emotional

6  distress, humiliation, and embarrassment, all to her detriment and according to

7  proof.  She also suffered lost earnings and other benefits of employment

8  according to proof.

9       Wherefore, plaintiff prays judgment against defendants, and each of

10  them, as follows:

11       1.  For all actual, consequential, and incidental financial losses, including

12  but not limited to loss of earnings, employment benefits, and employment

13  opportunities, according to proof;

14       2.  For compensatory and general damages in an amount according to

15  proof;

16       3.  For exemplary and punitive damages;

17       4.  For statutory attorneys' fees and costs;

18       5.  For pre-judgment and post-judgment interest on all such amounts

19  according to any applicable provision of law, according to proof;

20       6.  For costs of suit;

21       7.  For such other and further relief as the court deems proper.

22

23  Dated: May 16, 2007                    LAMBERTO & KREGER

24

25                                By: _Peter Lamberto_____

26                                   PETER N. LAMBERTO
                                    Attorneys for Plaintiff
27

28

Complaint for Damages                    - 3 -

ATTACHMENT A

# CIVIL LAWSUIT NOTICE

CASE NUMBER:

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

107CV086180

### READ THIS ENTIRE FORM

*PLAINTIFFS* (the person(s) suing):   Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

*DEFENDANTS* (the person(s) being sued):  **You must do each of the following to protect your rights:**

1.   You must file a **written response** to the Complaint, in the clerk's office of the Court, within **30 days** of the date the *Summons* and *Complaint* were served on you;

2.   You must send a copy of your written response to the plaintiff; and

3.   You must attend the first Case Management Conference.

   **Warning: If you do not do these three things, you may automatically lose this case.**

---

*RULES AND FORMS:*  You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing, 49 N. First St., San Jose (408-293-8177)

For other local information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

*CASE MANAGEMENT CONFERENCE (CMC):*  You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC. You or your attorney must appear at the CMC. You may ask to appear by telephone -- see Local Civil Rule 8.

---

*Your Case Management Judge is:*  Neal A Cabrinha                                    *DEPT:* 10

*The first CMC is scheduled as follows:* (Completed by Clerk of Court)
               *Date:* ~~SEP 2 5 2007~~  *Time:* 3:45 PM  *Dept.:* 10

*The next CMC is scheduled as follows:* (Completed by party if the first CMC was continued or has passed)
               *Date:* _____   *Time:* _____  *Dept.:* _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2156) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

Form CV-5012
Rev. 1/01/04

CIVIL LAWSUIT NOTICE

CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                    ARNOLD SCHWARZENEGGER, Governor

**ARTMENT OF FAIR EMPLOYMENT & HOUSING**
N. First Street, Suite 480, San Jose, CA 95131
325-0344 TTY (800) 700-2320 Fax (408) 325-0339
w.dfeh.ca.gov



May 1, 2007


PETER N. LAMBERTO
ATTORNEY AT LAW
LAW OFFICE OF PETER N. LAMBERTO & KREGER
160 W. SANTA CLARA, #1050
SAN JOSE, CA 95113

RE:    E200607G1076-00-fsc
       UR-RAHMAN/RADIOSHACK CORPORATION

Dear PETER N. LAMBERTO:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
April 27, 2007 because an immediate right-to-sue notice was requested.  DFEH will take
no further action on the complaint.

This letter is also the Right-To-Sue Notice.  According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint.  The civil action must be
filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity
Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this
DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act,
whichever is earlier.

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Marlene Massetti
District Administrator

cc:     Case File

STEVE BUNKER
DIRECTOR, RETAIL H.R.
RADIOSHACK CORPORATION
300 RADIOSHACK CIRCLE
FORT WORTH, TX  76102

DFEH-200-43 (06/06)

# * * * EMPLOYMENT * * *

...LAINT OF DISCRIMINATION UNDER
...PROVISIONS OF THE CALIFORNIA
... EMPLOYMENT AND HOUSING ACT

DFEH # __E200607-G-1076-00-fsc__
DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

...UR NAME (indicate Mr. or Ms.)   **Ms. Eisha Ur-Rahman**
TELEPHONE NUMBER (INCLUDE AREA CODE)   **(408) 246-9181**

ADDRESS   **2200 Monroe Street #107**

CITY/STATE/ZIP   **Santa Clara, CA 95050**   COUNTY   **Santa Clara**   COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME   **Radioshack Corporation**   TELEPHONE NUMBER (include Area Code)   **(817) 415-3011**

ADDRESS   **300 Radioshack Circle**   DFEH USE ONLY

CITY/STATE/ZIP   **Fort Worth, TX 76102**   COUNTY   COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (if known)   DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year)   RESPONDENT CODE

THE PARTICULARS ARE:

On **3-1-07** I was

- [ ] fired
- [X] laid off
- [ ] demoted
- [ ] harassed
- [ ] genetic characteristics testing
- [ ] forced to quit
- [ ] denied employment
- [ ] denied promotion
- [ ] denied transfer
- [ ] denied accommodation
- [ ] impermissible non-job-related inquiry
- [ ] other (specify)
- [ ] denied family or medical leave
- [ ] denied pregnancy leave
- [ ] denied equal pay
- [ ] denied right to wear pants
- [X] denied pregnancy accommodation

by **Steve Bunker**   **Director, Retail HR**
   Name of Person   Job Title (supervisor/manager/personnel director/etc.)

because of my:
- [X] sex
- [ ] age
- [ ] religion
- [ ] race/color
- [ ] national origin/ancestry
- [ ] marital status
- [ ] sexual orientation
- [ ] association
- [ ] physical disability
- [ ] mental disability
- [ ] other (specify)
- [ ] cancer
- [ ] genetic characteristic

(Circle one) filing;
Protesting; participating in investigation (retaliation for)

the reason given by **"Need and geography"**
   Name of Person and Job Title

Was because of [please state what you believe to be reason(s)]   **I took FMLA and have 2 small children**

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated   **3-12-07**

At   **San Jose**
   City

*Eisha* (signature)
COMPLAINANT'S SIGNATURE

DATE FILED:   **APR 27 2007**

RECEIVED
APR 27 2007
STATE OF CALIFORNIA

DFEH-300-03 (01/05)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING





TAH
LT003426

CORPORATION SERVICE COMPANY'

# Notice of Service of Process

AP1 / ALL
Transmittal Number: 5208146
Date Processed: 06/22/2007

Primary Contact:          Tammy Thompson
                          RadioShack Corporation
                          300 RadioShack Circle
                          Fort Worth, TX 76102-1964

Copy of transmittal only provided to:     Darlene Winters

| | |
|---|---|
| Entity: | RadioShack Corporation<br>Entity ID Number  2191964 |
| Entity Served: | RadioShack Corporation |
| Title of Action: | Eisha Ur-Rahman vs. RadioShack Corporation |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Wrongful Termination |
| Court: | Santa Clara Superior Court, California |
| Case Number: | 107CV086180 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 06/22/2007 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Peter N. Lamberto<br>408-999-0300 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com





CORPORATION SERVICE COMPANY'

# Notice of Service of Process

AP1 / ALL<br>
Transmittal Number: 5208146<br>
Date Processed: 06/22/2007

Primary Contact:     Tammy Thompson
                     RadioShack Corporation
                     300 RadioShack Circle
                     Fort Worth, TX 76102-1964

Copy of transmittal only provided to:    Darlene Winters

| | |
|---|---|
| Entity: | RadioShack Corporation<br>Entity ID Number 2191964 |
| Entity Served: | RadioShack Corporation |
| Title of Action: | Eisha Ur-Rahman vs. RadioShack Corporation |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Wrongful Termination |
| Court: | Santa Clara Superior Court, California |
| Case Number: | 107CV086180 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 06/22/2007 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Peter N. Lamberto<br>408-999-0300 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

EXHIBIT B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

---oOo---

EISHA UR-RAHMAN,

        Claimant,

  vs.

RADIOSHACK CORPORATION and
DOES 1 to 50 inclusive,

        Defendants.

_____/

COPY

No. 5:07-CV-04427-RMW

DEPOSITION OF EISHA UR-RAHMAN

TAKEN BEFORE CAROL R. WORSDELL, RMR

CSR NO. 11365

APRIL 2, 2008

Diablo Valley Reporting Services
Certified Shorthand Reporters
2121 North California Boulevard, Suite 310
Walnut Creek, California 94596
925.930.738

| | |
|---|---|
| 1 | <u>DEPOSITION OF EISHA UR-RAHMAN</u> |
| 2 | |
| 3 | BE IT REMEMBERED, that pursuant to Notice, and |
| 4 | on the 2nd day of April, 2008, commencing at the hour |
| 5 | of 10:00 a.m., in the Offices of Diablo Valley |
| 6 | Reporting Services, 2121 North California Boulevard, |
| 7 | Walnut Creek, California, before me, CAROL R. |
| 8 | WORSDELL, personally appeared EISHA UR-RAHMAN, |
| 9 | produced as a witness in said action, and being by me |
| 10 | first duly sworn, was thereupon examined as a witness |
| 11 | in said cause. |
| 12 | |
| 13 | ---o0o--- |
| 14 | |
| 15 | PETER N. LAMBERTO, ESQ., Lamberto & Kreger, |
| 16 | 160 West Santa Clara Street, No. 1050, San Jose, |
| 17 | California 95113, 408.999.0300, appeared on behalf of |
| 18 | the Claimant, Eisha Ur-Rahman. |
| 19 | |
| 20 | GARY BASHAM, ESQ.  Basham, Parker, LLP, 701 |
| 21 | University Avenue, Suite 220, Sacramento, California |
| 22 | 95885, 916.925.5850, appeared on behalf of the |
| 23 | Defendant, RadioShack Corporation. |
| 24 | |
| 25 | |

1        Q.  Have you limited your job search to jobs
2   in the HR field only?
3        A.  No, because if you look at these
4   applications, they are in different areas.  For
5   example, research analyst.  This was not an HR.
6   Consumer service representative, this was not an HR.
7   I have applied for jobs that are below my
8   qualifications as well.
9        Q.  Okay.
10       A.  Working in HR and others.
11       Q.  No bites.
12       A.  No.
13       Q.  That's too bad.
14   MR. BASHAM:  Let's take a quick break.
15   MR. LAMBERTO:  Okay.
16   (A recess was taken.)
17       MR. BASHAM:  Let's have marked as Exhibit 21 a
18   one-page document that appears to be a complaint of
19   discrimination filed with the Department of Fair
20   Employment and Housing.
21       (Defendant's Exhibit No. 21 marked for
22   identification.)
23       Q.  BY MR. BASHAM:  Do you recognize
24   Exhibit 21?
25       A.  Yes, I do.

1    Q.  Is this a document that you filled out?

2    A.  Yes, I did.

3    Q.  Did you have any help in filling out

4    Exhibit 21?

5    A.  Yes.

6    Q.  Who helped?

7    A.  My attorney.

8    Q.  I don't want to get into any

9    communications with your attorney, but when did you

10   first retain an attorney?

11   A.  I don't remember.

12   Q.  Was it before you signed Exhibit 21?

13   MR. LAMBERTO:  Don't guess.

14   THE WITNESS:  I don't remember.

15   Q.  BY MR. BASHAM:  Well, you signed

16   Exhibit 21 on March 12th, 2007, correct?

17   A.  Yeah.

18   Q.  And you were the person who wrote out the

19   handwritten portion of the Complaint, correct?

20   A.  Yes.

21   Q.  Did you have anyone review what you wrote

22   out before you signed it?

23   MR. LAMBERTO:  Actually --

24   THE WITNESS:  I don't remember.

25   MR. LAMBERTO:  If there was anyone -- okay.

1              THE WITNESS:  Yes.  I provided information to

2     my lawyer, yes.

3              Q.   BY MR. BASHAM:  Do you recall filling out

4     any other forms or documents that you believe was

5     going to be sent to the Department of Fair Employment

6     and Housing?

7              A.   I don't remember.

8              Q.   Do you recall filing or having filed on

9     your behalf any other complaints of discrimination

10    with the Department of Fair Employment and Housing

11    other than Exhibit 21?

12             A.   I don't recall.

13             MR. BASHAM:  Let's have marked as Exhibit 22 a

14    two-page letter from the Department of Fair Employment

15    and Housing dated May 1, 2007.

16             (Defendant's Exhibit No. 22 marked for

17    identification.)

18             Q.   BY MR. BASHAM:  Do you recognize

19    Exhibit 22?

20             A.   No.  I haven't seen this before.

21             Q.   Okay.  Do you recall receiving a copy at

22    home of the notice of case closure of your Complaint

23    that we just looked at which was Exhibit 21?

24             MR. LAMBERTO:  The question is:  Do you recall

25    getting that at home?

EXHIBIT C

1 | PETER N. LAMBERTO (SBN 061813)
LAMBERTO & KREGER
2 | 160 West Santa Clara, Suite 1050
San Jose, California 95113-2311
3 | Telephone: (408) 999-0300
Facsimile: (408) 999-0301
4 |
Attorney for Plaintiff
5 | EISHA UR-RAHMAN
6 | GARY R. BASHAM (SBN 130119)
SHANNA M. McDANIEL (SBN 229249)
7 | BASHAM PARKER LLP
701 University Avenue, Suite 220
8 | Sacramento, California 95825
Telephone: (916) 925-5850
9 | Facsimile: (916) 925-5854
10 | Attorneys for Defendant
RADIOSHACK CORPORATION
11 |
12 |
13 |               UNITED STATES DISTRICT COURT
14 |
15 |            FOR THE NORTHERN DISTRICT OF CALIFORNIA

16 | EISHA UR-RAHMAN,                    Case No. C 5:07- cv - 04427 PVT
17 |         Plaintiff,                  **JOINT CASE MANAGEMENT
                                          STATEMENT**
18 |    v.
19 | RADIOSHACK CORPORATION, and DOES 1   Date:      December 4, 2007
    to 50 inclusive,                     Time:      2:00PM
20 |                                      Courtroom: 5
           Defendants.                   Before:    Magistrate Judge
21 |                                                 Patricia V. Trumbull

22 |        Pursuant to the court's August 27, 2007, order setting initial case management

23 | conference and ADR deadlines, the parties submit this joint status report.

24 | **1.    Jurisdiction & Service of Process**

25 |        This court has jurisdiction regarding the Plaintiff's claims pursuant to 28 U.S.C.

26 | §§ 1332(a) and 1441(a).   The Plaintiff does not contest jurisdiction or venue.   Defendant

27 | Radioshack Corporation ("Radioshack") has been served through counsel for Defendant, Gary

28 | Basham, effective June 22, 2007.  On November 7, 2007, Shanna McDaniel advised counsel for

1   Plaintiff that Basham Parker LLP, is authorized to accept service on behalf of Radioshack.

2   **2.**    **Facts**

3         Radioshack employed Plaintiff as an Area Recruiting Manager between October

4   2004 and March 2007. On or about March 1, 2007, Plaintiff was laid off from her job.

5   Defendant's position is that she was laid off for legitimate non-discriminatory reasons.

6   Radioshack did not consider Plaintiff's gender when it laid her off.

7   **3.**    **Legal Issues**

8         Whether Radioshack's decision to lay off Plaintiff was in violation of public

9   policy under California Fair Employment and Housing Act, Government Code § 12900 et. seq.

10   **4.**    **Motions**

11         Plaintiff does not expect to file any motions at this time. The parties request a law

12   and motion cut off of 60 days before the final pretrial conference. Defendant anticipates filing the

13   following possible pre-trial motions: (1) Motion for Judgment on the Pleadings and (2) Motion

14   for Summary Judgment or in the Alternative Motion for Summary Adjudication.

15   **5.**    **Amendment of Pleadings**

16         Plaintiff does not expect to amend her complaint at this time. Parties do not

17   anticipate joinder of any additional parties. In addition, Defendants do not believe "DOE"

18   defendants are proper in Federal Court.

19   **6.**    **Evidence Preservation**

20         The parties agreed to take steps to ensure evidence preservation.

21   **7.**    **Disclosures**

22         The parties meet and conferred regarding initial disclosure, early settlement, ADR

23   process selection and discovery plan on November 7, 2007. Parties will exchange initial

24   disclosures as required by Fed. R. Civ. P. § 26(a)(1), no later than November 30, 2007.

25   **8.**    **Discovery**

26         No discovery has been taken to date because parties recently held their Fed. R.

27   Civ. P. § 26(f) conference and initial disclosures pursuant to Fed. R. Civ. P. § 26(a)(1) are not yet

28   due. The Parties will, following initial disclosures under FRCP 26, serve interrogatories, requests

1   for admission, and request for production of documents.  The parties expect to serve notice and

2   take depositions of the parties, percipient witnesses, and third party witnesses.  Defendants will

3   seek discovery regarding Plaintiff's claims and her alleged damages.  Defendant will seek

4   discovery regarding Defendant's anticipated affirmative defenses.

5   **Proposed Discovery Plan**

6       Initial Disclosures

7           Parties agree that all parties are to exchange the information called for under Fed.

8   R. Civ. P. 26(a)(1) no later than November 30, 2007.

9       Subjects of Disclosure

10          Discovery to be conducted on the following subjects: The facts and claims alleged

11  in the Complaint and facts and affirmative defenses raised in the Answer.

12      Interrogatories

13          Parties request no deviation from discovery limits set forth in the Federal Rules of

14  Civil Procedure.  Responses shall be due 30 days after service, if served personally, or 33 days if

15  served by mail, unless extensions are granted.

16      Depositions

17          Parties request no deviation from the ten (10) deposition limit per party set forth in

18  the Federal Rules of Civil Procedure.  The length of any deposition may not exceed one day of

19  seven hours, pursuant to Fed. R. Civ. P. 30(d)(2), unless the parties stipulate otherwise, or upon

20  order of the court.  Defendant requests permission for Plaintiff's deposition to continue for a

21  second day if necessary.  The parties agree to stipulate to allow additionally time will not

22  unreasonably be withheld if needed for a fair examination of the deponent or if the deponent or

23  another person, or other circumstance, impedes or delays the examination.

24      Request for Admissions

25          Plaintiff proposes a maximum of 30 requests for admission, inclusive of subparts,

26  by each party to any other party.  Defendant requests no deviation from the discovery limits set

27  forth in the Federal Rules of Civil Procedure.  Response shall be due 30 days after service, if

28  personally served, or 33 days, if served by mail, unless extensions are granted.

1     <u>Cut-off Date for Discovery</u>

2     Plaintiff request that all discovery shall be commenced in time to be completed 45

3 days before the date set for the final pre-trial conference. Defendant requests that all discovery

4 shall be commenced in time to be completed 90 days before the date set for the final pre-trial

5 conference.

6     <u>Expert Witnesses</u>

7     Parties do not anticipate use of expert witnesses at this time. If expert witnesses

8 are sought, the disclosure of expert witnesses and expert witness reports prepared pursuant to Fed.

9 R. Civ. P. § (a)(2)(B) shall take place at least 60 days before the discovery cut off date. Rebuttal

10 expert disclosures to be made 45 days before the discovery cut off date.

11 **9.**   **Class Actions**

12     No class action is anticipated at this time.

13 **10.**   **Related Cases**

14     There are no related cases.

15 **11.**   **Relief**

16     Plaintiff requests actual, consequential and incidental financial losses, including,

17 loss of earnings, employment benefits, and employment opportunities according to proof; for

18 exemplary and punitive damages, attorneys' fees and costs, pre and post-judgment interest, cost

19 of suit. Based upon Plaintiff's Statement of Damages, Plaintiff requests $100,000 for pain and

20 suffering, $100,000 for emotional distress, an unknown amount of future medical expenses,

21 $22,500 in loss of earnings and $1,000,000 in punitive damages.

22 **12.**   **Settlement and ADR**

23     Parties agree to private mediation. Parties request a mediation deadline date of 90

24 days prior to the final pre-trial conference. The parties request a settlement conference scheduled

25 approximately 30 days before the final pre-trial conference.

26 /// 

27 /// 

28 ///

Case 5:07-cv-04٠٠-RMW    Document 7    Filed 11/2٠٠٠٧    Page 5 of 6

1    **13.    Consent to Magistrate Judge for All Purposes**

2           The parties do not consent to a magistrate judge to conduct all further proceedings

3    including trial and entry of judgment.  The parties request reassignment to a United States District

4    Judge.

5    **14.    Other References**

6           The parties agree that this case is not suitable for reference to binding arbitration, a

7    special master, or the Judicial Panel on Multidistrict Litigation.

8    **15.    Narrowing of Issues**

9           The parties agree that the issue(s) in this case are already sufficiently narrowed and

10   make no request to bifurcate issues, claims or defenses.

11   **16.    Expedited Trial Schedule**

12          Plaintiff proposes that this case is the type of case that can be handled on an

13   expedited basis with streamlined procedures.

14   **17.    Scheduling**

15          Proposed date of Pre-Trial Conference

16                 The parties request a Pre-Trial Conference 90 days before trial.

17          Plaintiff requests a trial date of August 18, 2008.

18          If an August 18, 2008, trial date is set, the following dates apply:

19                 Final Pre-Trial Conference:  May 20, 2008, (90 days before trial.)

20                 Settlement Conference:       April 18, 2008,  (30 days before final pretrial)

21                 Law and Motion Cut-off:      March 21, 2008, (60 days before final pretrial)

22                 Discovery Cut-off:           April 4, 2008, (45 days before final pretrial)

23                 Disclosure of Exerts         February 20, 2008, (90 days before final pretrial)

24                 Rebuttal Experts:            March 31, 2008 (50 days before final pretrial)

25          Defendant asserts the Plaintiff's represented trial date is too soon and it would prejudice

26   Defendant's right to fully prepare the case for trial.  As a result Defendant requests a trial date of

27   June 1, 2009.

28   / / /

JOINT CASE MANAGEMENT STATEMENT          5          Case No.  C 5:07- cv-04427 PVT

1      If a June 1, 2009 trial date is set, the following dates apply:

2           Final Pre-Trial Conference:  March 3, 2009 (90 days before trial.)

3           Settlement Conference:  January 30, 2009 (30 days before final pretrial)

4           Law and Motion Cut-off:  January 2, 2009 (60 days before final pretrial)

5           Discovery Cut-off:  December 3, 2008 (90 days before final pretrial)

6           Disclosure of Exerts  October 3, 2008 (150 days before final pretrial)

7           Rebuttal Experts:  November 3, 2008 (120 days before final pretrial)

8   **18.**    **Trial**

9      Plaintiff anticipates the trial of this matter will take 5 days.  Defendant anticipates

10 the trial will take 5 court dates if the trial is without a jury.  Defendant anticipates a jury trial of

11 this matter will take 5-7 court days.

12   **19.**    **Disclosure of Non-Party Interested Entities or Persons**

13      Parties are unaware of any non-party interested entities or persons.

14   **20.**    **Other Matters**

15      None.

16 Date: November 27, 2007           LAMBERTO & KREGER

17

18           By:  /s/ Peter N. Lamberto

19               PETER N. LAMBERTO

20               Attorney for Plaintiff
                    EISHA UR-RAHMAN

21

22 Date: November 27, 2007           BASHAM PARKER LLP

23

24           By:  /s/ Shanna M. McDaniel

25               GARY R. BASHAM
                    SHANNA M. McDANIEL

26

27               Attorneys for Defendant
                    RADIOSHACK CORPORATION

28