PETER N. LAMBERTO, State Bar No. 061813
LAMBERTO & KREGER
160 West Santa Clara, Suite 1050
San Jose, CA 95113-2311
Telephone: (408) 999-0300
Facsimile: (408) 999-0301

Attorneys for Plaintiff Eisha Ur-Rahman

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EISHA UR-RAHMAN<br><br>Plaintiff,<br><br>vs.<br><br>RADIOSHACK CORPORATION<br><br>Defendant.<br>_____ / | Case No. C 07-04427 RMW<br><br>**REPLY TO OPPOSITION TO MOTION TO ALLOW FILING OF FIRST AMENDED COMPLAINT [FRCP 15(a)];**<br><br>Date: June 13, 2008<br>Time: 9 a.m.<br>Dept.: 6<br>Trial Date: December 8, 2008 |

      The original complaint, filed long before any discovery had been undertaken, alleged that the March 1, 2007 layoff of plaintiff was sex-based discrimination, because at the time it was known that plaintiff was not retained in her job in favor of a male co-worker. Plaintiff was told only that the layoff was based on "need and geography," and that the decision had not been performance-based. This motion, as set forth in the moving papers, seeks permission to amend the complaint for the first time.

      At the time of the filing of the initial Superior Court complaint in this matter, on May 18, 2007, before the demographics of those laid off by defendant nationwide could be determined through discovery, plaintiff's layoff could have logically been attributed to discrimination based on sex (female), as the person not chosen for layoff was male, and the company would not explain to plaintiff its stated rationale, "need and geography."

Reply to Opposition, Motion to Amend

1    Discovery by document production and deposition, all of which occurred *after* the
2 status conference of January 25, 2008, have developed facts indicate a more correct legal
3 theory of wrongful termination was applicable, i.e., failure to return plaintiff to her job upon
4 completion of maternity leave, in retaliation for having taken FMLA leave.  This became
5 apparent as a provable theory when discovery showed that, though plaintiff had been told that
6 the decisions about who to lay off were ***not*** based on performance, documents were produced
7 in March 2008 by defendant that showed the decisions ***were*** (allegedly) based on a
8 performance ratings list that was skewed against plaintiff, showing her in last place, behind
9 even recent hires with little track record. (Ex. A to Lamberto declaration hereto.)  Highly
10 subjective criteria appear to have been used by Ms. Gunnells, the Area Human Resources
11 Manager, to compile the after-the-fact performance rating list, with no documentation.  In
12 truth, the order of listing was agreed to by Gunnells and another manager, Steve Bunker, after
13 one or more private, undocumented conversations, according to Gunnells.  (See Ex. C to
14 Lamberto declaration in support hereof)

15    Since the defendant's claim that the layoffs were not performance based was false,
16 there is no reason to believe that the performance rating itself is honest in its conclusions.  The
17 ratings were admittedly (by defendant) generated **after** the layoff decisions were made, and no
18 writings have been produced by defendant to show how the layoff decisions were made, or of
19 any analysis of data or other input affecting the decisions which exist in an undocumented
20 vacuum.

21    The amended complaint changes only the theory of the cause of action for wrongful
22 termination.  It should not require any reworking of defendant's discovery needs or defenses,
23 nor has defendant explained how this could or would be the case.  The defense to any theory
24 proposed by herein plaintiff is essentially the same: that the termination of plaintiff was for
25 legitimate, non-discriminatory or retaliatory business needs.

26    The case management order agreed to in January 2008 stated that amendments
27 to the pleadings were not anticipated "at this time," i.e., pre-discovery.  Upon further analysis
28 based in part upon review of interrogatories from defendant in late February 2008, related to

Reply to Opposition, Motion to Amend                    - 2 -

the statutory basis of plaintiff's claims herein, it became apparent that the claim should more accurately stated as a layoff decision based, in plaintiff's case, on retaliation for her having gotten pregnant and taken maternity leave. Though this is a kind of sex discrimination, in that the people subjected to maternity related discrimination are invariably women, the proposed amended complaint would appear to be a more accurate legal statement of the claim.

It became more apparent to counsel for plaintiff, after the receipt of defendant's document production served March 5, 2008, and after taking the deposition of plaintiff's supervisor, Donetta Gunnels, on April 1, 2008, that an amendment was advisable, and that merely alleging a retaliatory termination may be putting the cart before the horse, in light of defendant's statutory duty to return plaintiff to her former or a comparable position. 29 CFR §825.214(a); 2 Cal Code Regs 7297.2.

This alternative way of viewing the facts of plaintiff's termination merely claims that plaintiff was not returned to her job per statute, and the reason ultimately was because she had taken maternity leave. Defendant has to show what it otherwise already had to show, that the plaintiff was not reinstated for legitimate business reasons unrelated to her having taken maternity leave. 29 CFR §825.216(a)(1); 2 Cal Code Regs §7297.2(c)(1); *Throneberry v. McGehee's Desha County Hosp.* (8th Cir 2005) 403 F3d 972.

On February 28, 2008, counsel for defendant was notified of the need to amend the complaint, and a stipulation was requested in that regard. (Ex. B to Lamberto declaration hereto) Defendant's counsel was also advised, in writing, that plaintiff would respond to further written discovery regarding the amended complaint if defendant felt the need to do so. This offer on plaintiff's behalf took place over a month prior to plaintiff's deposition on April 2, 2008. Defendant has made no request or effort to propound further written discovery to plaintiff, and in fact did not even respond to plaintiff's request for a stipulation to amend until April 2, the date of plaintiff's deposition, upon further specific inquiry.

## Response to Legal Argument in Opposition

### A. Factors to Be Considered by the Court

Defendant's Opposition cites the guidelines for allowing amendments to the complaint

Reply to Opposition, Motion to Amend                - 3 -

1  to be considered by this court are undue delay, prejudice, and futility.  (*DCD Programs, Ltd.*
2  *v. Leighton* (9th cir. 1987) 833 F.2d 183, 186).  This is generally in agreement with the
3  authorities cited in the moving papers. *Foman v. Davis* (1962) 371 US 178, 182, 83 S. Ct.
4  227,230; *FilmTec Corp. v. Hydranautics* (Fed. Cir. 1995) 67 F3d 931, 935-936; *Martinez v.*
5  *Newport Beach City* (9th Cir. 1997) 125 F3d 777, 785.

6        Hereafter, we address these factors to the extent they may not have been in the moving
7  papers.

8        **B.  No *Undue* delay**

9        Defendant appears to use the term "undue delay" without distinction as to meaning or
10 context.  Here, there has been no "undue" delay as that term is used in the cases cited.  For
11 example, in *Kaplan v. Rose* (9th Cir. 1991) 49 F.3d 1363, 1370, the primary case cited for the
12 "undue delay" argument, the facts of the case were that trial was two months hence, a
13 summary judgment motion was pending, plaintiff had already amended the complaint twice,
14 and discovery had been completed.  None of those facts exists even remotely in the case at
15 bar, rendering the *Kaplan* case actually supportive of the pending motion.

16       The *Jackson* case [*Jackson v. Bank of Hawaii* (9th Cir. 1990) 902 F.2d 1385, at 1388]
17 also cited by defendant for the "undue delay" argument is equally distinguishable.  In *Jackson,*
18 plaintiff had advised the court and parties of an intention to amend in March 1987, but did not
19 do so until June 1988, 15 months later, apparently during the pendency of a defense motion
20 for summary judgment filed in October 1987.  In ruling against an amendment, the court
21 considered the apparent *total nullification* of prior discovery occasioned by the proposed
22 amendment, the need for *totally new* discovery, and the fact that *a prior litigated claim*
23 *relating to coverage would have to be re-litigated*.  Those circumstances do not remotely exist
24 here.  There is no necessity to prove "different facts" occasioned by the proposed amendment,
25 as was the case in *Jackson*.

26       Defendant was advised on February 21, 2008 of the need and intention to amend
27 (Ex. A to Lamberto declaration in Support of Reply to Opposition), and defendant itself
28 unduly delayed the filing of the motion by ignoring plaintiff's request in February for a

Reply to Opposition, Motion to Amend      - 4 -

1  stipulation to that effect, until April 2, when Mr. Basham claimed he thought Ms. McDaniel
2  had informed plaintiff's counsel of defendant's refusal in that regard.
3      Defendant cites no case supporting its proposition that all known possible theories that
4  might fit the facts known or to be discovered must be alleged in the original complaint, and
5  indeed that position is belied by substantial case authority indicating substantial leeway should
6  be given in considering motions to amend the complaint.  (As stated previously in the moving
7  papers, the policy (to allow amendments) should be applied with "extreme liberality."
8  [*Eminence Capital, LLC v. Aspen, Inc.* (9th Cir. 2003) 316 F3d 1048, 1051], *especially when*
9  *the amendment modifies a claim*, instead of adding parties.  *Union Pac. R. R. Co. v. Nevada*
10 *Power Co.* (9th Cir. 1991) 950 F2d 1429, 1432.)  (Emphasis added)

**C.  Lack of Prejudice to Defendant**

12  Defendant states it has to respond to plaintiff's "voluminous and overly broad"
13 discovery: In reality, defendant has been *subjected* to the following:
14      a)  Requests for Production to Defendant: 23 total items, which were answered
15 repetitively with 3 sets of documents: A, B, and C, the large majority of which *(284 of approx.*
16 *318 pages) was plaintiff's personnel and payroll records*;
17      b)  Special Interrogatories to Defendant: 10 questions, to which there were six
18 substantive responses, *totaling 7 sentences or phrases*.
19    The reality related to "discovery" is that both sides have taken just one deposition, and
20 defendant has indicated no intention of taking others.  The document discovery has been
21 extremely basic, and it is not credible that either party's production would have differed one
22 iota had the complaint been couched differently, as the defense to either claim would
23 essentially be the same: that the termination was for legitimate, non-discriminatory reasons.
24   Defendant has not offered any explanation or rationale for its claim that what has taken
25 place is somehow wasteful or unrelated to the amended claim.  In reality, the discovery done
26 on both sides to date would have differed little, if any, had the proposed amendment been part
27 of the original complaint.
28      Defendant's Opposition conveniently ignores plaintiff's offer in February of allowing

Reply to Opposition, Motion to Amend       - 5 -

1 additional written or deposition discovery if deemed necessary by defendant (See Ex. B to
2 Lamberto declaration hereto), which instead has chosen to posture that it has been blindsided
3 and prejudiced by this turn of events, a relatively simple pleading amendment which was
4 brought to defendant's attention over five weeks prior to plaintiff's and it's own witness'
5 depositions.   Defendant offers no explanation of its statement that it would be "substantially
6 prejudiced by the costs incurred in responding to entirely new claims."

7 Since the facts are the same as those already offered in discovery responses and
8 depositions, there is no factual basis for the unsupported assertion of "substantial prejudice."
9 None of the facts regarding the defendant's rationale for the termination is likely to morph
10 into something else.  Plaintiff was not reinstated to her job after taking maternity leave.  That
11 is undisputed.  That she was not fairly treated in the decision not to reinstate her is disputed.
12 Whether the claim is that she was discriminated against based on her sex, or in retaliation for
13 having taken maternity leave, defendant's reasoning for the layoff can only change now at its
14 peril.  It should make no difference to defendant whether plaintiff claims she was not
15 reinstated due to sexual discrimination or to having taken maternity leave.  The "wasted time
16 and money" assertion is a red herring, without substantive merit under the facts of this case.

17 Discovery does not close until August 1, 2008.  Defendant has plenty of time to ask
18 more written questions and take more depositions, were it inclined to do so.  Defendant does
19 not, in its opposition, argue that the amendment is futile, nor could it reasonably do so.
20 Defendant can easily make whatever motion for summary judgment it deems appropriate by
21 the court imposed date of October 10, 2008, if defendant chooses to go to the expense of a
22 meritless motion, given the questions of fact that exist as to the reasons for plaintiff's non-
23 reinstatement.  The amendment sought is the same as stated in the letter of February 21, the
24 proposed amended complaint attached to the moving papers as Ex. A, and the supplemental
25 interrogatory response of May 11, 2008.

26 Plaintiff has been lobbying defendant to mediate this case for almost three months,
27 without substantive response.

28 The Opposition to the motion is without merit, and it is respectfully requested that the

Reply to Opposition, Motion to Amend             - 6 -

1  motion be granted.

2  Dated: May 29, 2008                             LAMBERTO & KREGER

4                                                  By: /S/
                                                        PETER N. LAMBERTO
5                                                       Attorneys for Plaintiff Eisha Ur-Rahman

Reply to Opposition, Motion to Amend         - 7 -