**E-filed:  7/25/2008**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EISHA UR-RAHMAN<br><br>Plaintiff,<br><br>v.<br><br>RADIOSHACK CORPORATION,<br><br>Defendant. | No. C-07-04427 RMW<br><br>ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT<br><br>**[Re Docket Nos. 17, 18]** |

Plaintiff Eisha Ur-Rahman moves for leave to submit a first amended complaint. Defendant RadioShack Corp. opposes the request. The court has read the moving and responding papers and considered the arguments of counsel. For the following reasons, the court grants the motion.

**I.  BACKGROUND**

On March 12, 2007, Ms. Ur-Rahman filed a complaint with the California Department of Fair Employment and Housing. *See* Decl. of Shanna McDaniel, Ex. A. In her complaint, Ms. Ur-Rahman alleged that her employer, RadioShack, laid her off and denied her pregnancy accommodation because "[she] took FMLA and have 2 small children." *Id.* On April 27, 2007, the Department closed Ms. Ur-Rahman's file and granted her a right-to-sue letter. *Id.* Ms. Ur-Rahman's lawyer then filed the current complaint in Santa Clara County Superior Court on May 18, 2007, alleging that Ms. Ur-Rahman had been unfairly terminated based on her gender and because

ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
C-07-04427 RMW
TSF

1 RadioShack preferred to employ men. *See id.*, ¶¶ 6-7. RadioShack removed the case to this court
2 on August 27, 2007. *See* Docket No. 1.

3 The court held its initial case management conference on January 25, 2008. In preparation,
4 the parties filed a joint case management conference statement, which asserted that "Plaintiff does
5 not expect to amend her complaint at this time." *See* Docket No. 10, at 2 (Jan. 18, 2008).

6 Less than a month later, Ms. Ur-Rahman's counsel began seeking to amend the complaint.
7 On February 21, 2008, he mailed a letter to opposing counsel requesting that the parties stipulate to
8 allow him to assert additional retaliation claims based on Ms. Ur-Rahman's leave of absence from
9 work under the Family and Medical Leave Act. *See* Reply Decl. of Peter Lamberto, Ex. B. Ms. Ur-
10 Rahman's counsel informed RadioShack regarding his desire to amend the pleadings prior to any
11 depositions, and he offered to permit additional written discovery. *Id.* RadioShack did not respond
12 to the request. *Id.* ¶ 3.

13 On April 18, 2008, Ms. Ur-Rahman's counsel filed the pending motion for leave to amend
14 the complaint. *See* Docket No. 15. By this point, the parties had exchanged written discovery and
15 appear to have conducted two depositions. *See* McDaniel Decl. ¶¶ 4, 8, 9.

## II. ANALYSIS

17 "[A] party may amend its pleading only with the opposing party's written consent or the
18 court's leave." Fed. R. Civ. P. 15(a)(2). RadioShack failed to respond to Ms. Ur-Rahman's request
19 for consent and now opposes her request for leave from the court. Rule 15 instructs the court to
20 "freely give leave when justice so requires." *Id.* Various factors may support denying leave to
21 amend, but prejudice to the defendant is the most important consideration. *Eminence Capital, LLC*
22 *v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam); *see also Foman v. Davis*, 371
23 U.S. 178, 182 (1962) (suggesting that courts consider any "undue delay, bad faith or dilatory motive
24 on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,
25 undue prejudice to the opposing party by virtue of allowance of the amendment, futility of
26 amendment, etc."). To be clear, Rule 15 requires the court to give leave "with extreme liberality."
27 *Id.*
28

ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
C-07-04427 RMW
TSF                                            2

United States District Court
For the Northern District of California

1  Despite this "extreme liberality" standard, RadioShack opposes Ms. Ur-Rahman's motion.
2  RadioShack argues that she has unduly delayed in seeking to amend her complaint, and that
3  permitting amendment after this delay will substantially prejudice RadioShack. RadioShack begins
4  by pointing out that Ms. Ur-Rahman knew she had taken medical leave before she was laid off and
5  even mentioned it as what she believed caused her termination in her complaint with the Department
6  of Fair Employment and Housing. Despite this knowledge, it took her almost a year to recognize
7  that she had not alleged a claim for wrongful termination based on her leave.

8  RadioShack relies on various Ninth Circuit decisions affirming the denial of leave to amend
9  where a party was aware of the need to amend its claims for more than eight months.
10 *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951-54 (9th Cir. 2006); *Texaco, Inc.*
11 *v. Ponsoldt*, 939 F.2d 794, 798-99 (9th Cir. 1991). The court does not find those cases persuasive
12 because the facts of *AmerisourceBergen* and *Texaco* differ markedly from Ms. Ur-Rahman's case.
13 In *Texaco*, the movant had waited "eight months after the district court granted summary judgment
14 against it, and nearly two years after filing the initial complaint." 939 F.3d at 798-99. In this case,
15 the complaint has been on file for slightly more than a year and the court has not made any
16 substantive rulings. In *AmerisourceBergen*, the court determined that the movant had known of the
17 requisite facts for over 15 months and done nothing. 464 F.3d at 953. Here, only ten months had
18 passed when Ms. Ur-Rahman began to seek leave to amend her complaint. The *AmerisourceBergen*
19 case involved allegations of new facts toward the end of a lawsuit, and exploring new facts would
20 have prejudiced the defendants. *See id.* at 953-54. As explained below, that is not the case here.
21 While Ms. Ur-Rahman could have alleged her claims in her first complaint, the court does not
22 believe that her delay in doing so is "undue."

23 RadioShack also argues that it will be unfairly prejudiced if Ms. Ur-Rahman is allowed to
24 amend her complaint because it may have to conduct additional discovery. The court has no
25 sympathy for this argument. Prior to taking any depositions, RadioShack knew Ms. Ur-Rahman
26 sought to amend her complaint and refused to respond to her request. Nevertheless, RadioShack
27 could have explored these topics in the depositions. RadioShack also complains that it "has
28

ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
C-07-04427 RMW
TSF                                         3

1  exhausted court imposed limits on written discovery." This is irrelevant because Ms. Ur-Rahman
2  offered to permit additional discovery in her initial request to RadioShack. Moreover, it is within
3  the court's power to permit additional discovery.

4      In passing, RadioShack suggests that allowing amendment would be "futile," but also
5  suggests that the motion is "an attempt to avoid RadioShack's motion for summary judgment." First,
6  these two arguments are irreconcilable. If the amendment were futile, RadioShack could still obtain
7  summary judgment. If Ms. Ur-Rahman's amendment truly would avoid summary judgment, it
8  cannot be said that the amendment would be "futile." Second, RadioShack has not yet filed a
9  motion for summary judgment. It is difficult to conceive how Ms. Ur-Rahman could "avoid"
10 something that does not yet exist.

11     Based on Ms. Ur-Rahman's delay in asserting her new claim, the court cannot conclude that
12 RadioShack's refusal to consent to her request to amend her complaint was objectively unreasonable.
13 Nonetheless, this is a dispute that did not have to happen, and any prejudice that has redounded to
14 RadioShack is of its own making.

15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
C-07-04427 RMW
TSF    4

### III. ORDER

For the foregoing reasons, the court grants Ms. Ur-Rahman's motion to file her first amended complaint. To accommodate the amended complaint, the court alters the case management schedule as follows:

| Event: | Old deadline: | New deadline: |
| --- | --- | --- |
| Close of discovery. | August 1, 2008 | September 5, 2008 |
| Expert disclosures. | August 1, 2008 | September 5, 2008 |
| Rebuttal expert disclosures. | August 8, 2008 | September 12, 2008 |
| Close of expert discovery. | August 29, 2008 | October 3, 2008 |
| Dispositive motion *hearing*. Motions must be noticed at least 35 days before the hearing. | October 10, 2008 | November 21, 2008 |
| Joint pre-trial conference statement. | November 14, 2008 | January 2, 2009 |
| Pre-trial conference. | November 20, 2008 | January 8, 2009 |
| Trial. | December 8, 2008 | January 26, 2008 |

DATED:   7/25/2008

*Ronald M Whyte*

RONALD M. WHYTE
United States District Judge

ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
C-07-04427 RMW
TSF                                                            5

**Notice of this document has been e-mailed to:**

**Counsel for Eisha Ur-Rahman:**

Peter Nicholas Lamberto     peterl@lambertokreger.com

**Counsel for RadioShack Corporation:**

Shanna Michelle McDaniel     shanna@bashamparker.com
Gary R. Basham     gary@bashamparker.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   7/25/2008                              TSF
                                                    **Chambers of Judge Whyte**

ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
C-07-04427 RMW
TSF                                                 6