1  PETER N. LAMBERTO, State Bar No. 061813
   LAMBERTO & KREGER
2  160 West Santa Clara, Suite 1050
   San Jose, CA 95113-2311
3  Telephone: (408) 999-0300
   Facsimile: (408) 999-0301
4
   Attorneys for Plaintiff Eisha Ur-Rahman

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EISHA UR-RAHMAN | Case No. **5:07-CV-04427 RMW** |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR DAMAGES FOR WRONGFUL TERMINATION (CFR §825.214(a); 2 Cal Code Regs §7297.2);  29 U.S.C. §§ 2612 (a), 2615 (a)-(b); CA Gov. Code §§ 12940 (a), 12945.2(a), (l)** |
| vs. | |
| RADIOSHACK CORPORATION | |
| Defendant. | |

   Claimant EISHA UR-RAHMAN, a competent adult woman, alleges against Defendants, and each of them:

   1. Upon information and belief, this court is the court of proper jurisdiction of Plaintiff's claims pursuant to 28 U.S.C. §§ 1332(a) and 1441(a).  The claims of plaintiff arose in this judicial district, and there is complete diversity between Plaintiff, a resident of California, and Defendant Radioshack, a Delaware corporation with its principal place of business in Texas. The amount in controversy exceeds $75,000, exclusive of interest and costs.

   2. Defendant Radioshack Corporation (hereafter Radioshack) is a corporation that is qualified to do business and doing business in California, where it regularly employs more

than five persons.

3. At all times relevant hereto between October 2004 and March 1, 2007, Plaintiff was employed by defendant Radioshack, most recently as an Area Recruiting Manager, for an area which included, upon information and belief, Northern California.

4. Defendant is subject to suit under the California Fair Employment and Housing Act, Government Code § 12900 *et seq.,* as an employer who regularly employs five or more persons. Claimant has complied with all claims or other requirements for filing a suit for wrongful termination, and has received a "Right to Sue" letter from the California Department of Fair Employment and Housing on or about May 1, 2007.

## FIRST CAUSE OF ACTION
## WRONGFUL TERMINATION

5. Plaintiff incorporates paragraphs 1 through 4 above as if fully set forth at this place.

6. On or about March 1, 2007, plaintiff was advised that she was being laid off and terminated from her job by defendant upon the conclusion of an authorized leave taken pursuant to pregnancy and childbirth, on the alleged basis of "need and geography." At the time, plaintiff shared Northern California job responsibility with a male Area Recruiting Manager, and Radioshack had allegedly determined that a reduction in force was necessary. Radioshack did not explain to her what "need and geography" meant, or how it formed a coherent basis for the decision to terminate plaintiff's employment with defendant.

7. Upon information and belief, Plaintiff was laid off and terminated from employment with Radioshack at the conclusion of an authorized pregnancy leave which was taken by plaintiff pursuant to the Family and Medical Leave Act and/or the California Family Rights Act, and the lay off was therefore in violation of 29 Code of Federal Regulations (CFR) §825.214(a) and 2 Cal Code Regs §7297.2, and/or in retaliation for plaintiff using the pregnancy leave. Termination in retaliation for using medical leave pursuant to FMLA or CFRA is illegal and in violation of California Gov. Code §§ 12940 (a), 12945.2(a) and (l), and 29 U.S.C. §§ 2612 (a), 2615 (a)-(b).

8. The above recited actions of defendant were done with malice, fraud, and

- 2 -

1  oppression, and/or in conscious and reckless disregard of plaintiff's rights, in that the conduct
2  of defendant was based on reasons that the defendant knew, or should have known, were
3  illegal and despicable.
4      9. Defendant, with knowledge that it had a statutory duty, as set forth above, to restore
5  or reinstate plaintiff to her prior position or a similar position upon the completion of her
6  maternity leave, and/or in retaliation for using pregnancy leave, as set forth above, agreed to
7  authorize, and did authorize, plaintiff's lay off and termination from employment. Said
8  actions amounted to despicable conduct by defendant, as defendant knew, or reasonably
9  should have known, that its conduct was illegal and would inflict humiliation and significant
10 emotional and economic injury on plaintiff. Such malicious and despicable conduct by
11 defendant entitles plaintiff to exemplary damages against defendant according to proof.
12     10. As a result of the wrongful lay off and termination of plaintiff's employment by
13 defendant, plaintiff suffered injury to her health, and suffered emotional distress, humiliation,
14 and embarrassment, all to her detriment and according to proof. She also suffered lost
15 earnings and other economic benefits of employment according to proof.
16     Wherefore, plaintiff prays judgment against defendant as follows:
17     1. For all actual, consequential, and incidental financial losses, including but not
18 limited to loss of earnings, employment benefits, and employment opportunities, according to
19 proof;
20     2. For compensatory and general damages in an amount according to proof;
21     3. For exemplary and punitive damages;
22     4. For statutory attorneys' fees and costs;
23     5. For pre-judgment and post-judgment interest on all such amounts according to any
24 applicable provision of law, according to proof;
25     6. For costs of suit;
26     7. For such other and further relief as the court deems proper.
27
28 Dated: July 31, 2008                  LAMBERTO & KREGER

By: /S/ Peter N. Lamberto
PETER N. LAMBERTO
Attorneys for Plaintiff Eisha Ur-Rahman

### Demand for Jury

Plaintiff, by and through her attorneys, demands a trial by jury in the above matter.

Dated: April 31, 2008     LAMBERTO & KREGER

By: /S/ Peter N. Lamberto
PETER N. LAMBERTO
Attorneys for Plaintiff Eisha Ur-Rahman