GARY R. BASHAM (SBN 130119)
SHANNA M. McDANIEL (SBN 229249)
BASHAM PARKER LLP
701 University Avenue, Suite 220
Sacramento, California 95825
Telephone: (916) 925-5850
Facsimile: (916) 925-5854

Attorneys for Defendant
RADIOSHACK CORPORATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EISHA UR-RAHMAN,<br><br>           Plaintiff,<br><br>   v.<br><br>RADIOSHACK CORPORATION, and DOES 1 to 50 inclusive,<br><br>           Defendants. | Case No. C 5:07-CV-04427 RMW<br><br>**DEFENDANT RADIOSHACK CORPORATION'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>FAC Filed:   July 31, 2008<br>Trial Date:   December 8, 2008 |

Defendant RadioShack Corporation ("Defendant") hereby responds and answers the First Amended Complaint ("Complaint") of Plaintiff Eisha Ur-Rahman ("Plaintiff") as follows:

1. Answering Paragraph 1 of the Complaint, Defendant admits this Court has jurisdiction under 28 U.S.C. sections 1332(a) and 1441(a) because it is a civil action wherein the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

2. Answering Paragraph 2 of the Complaint, Defendant admits it is a corporation that it qualified to do business and doing business in California, where it regularly employs more than five persons.

3. Answering Paragraph 3 of the Complaint, Defendant admits it employed Plaintiff as an Area Recruiting Manager in District 590 from October 2004 through early April

2007. Except as expressly admitted, Defendant denies each and every allegation contained therein.

4. Answering Paragraph 4 of the Complaint, Defendant admits it is an employer within the meaning of the California Fair Employment and Housing Act, Government Code § 12900 *et seq*. and that Plaintiff received a "Right to Sue" letter from the Department of Fair Employment and Housing on or about May 7, 2007. Except as expressly admitted, Defendant denies each and every allegation contained therein.

## FIRST CLAIM FOR RELIEF

## WRONGFUL TERMINATION

5. Answering Paragraph 5 of the Complaint, Defendant incorporates by reference as is fully set forth herein its responses to Paragraphs 1 through 4 of this Answer. Except as expressly admitted, Defendant denies each and every allegation contained therein.

6. Answering Paragraph 6 of the Complaint, Defendant admits it laid off a number of Area Recruiting Managers nationwide (including Plaintiff) and that the decisions as to which Area Recruiting Managers to lay off were based upon RadioShack's needs and the geography of the Areas that the Area Recruiting Managers served. Except as expressly admitted, Defendant denies each and every allegation contained therein.

7. Answering Paragraph 7 of the Complaint, Defendant admits it laid off Plaintiff. Except as expressly admitted, Defendant denies each and every allegation contained therein.

8. Answering Paragraph 8 of the Complaint, Defendant denies each and every allegation contained therein.

9. Answering Paragraph 9 of the Complaint, Defendant denies each and every allegation contained therein.

10. Answering Paragraph 10 of the Complaint, Defendant denies each and every allegation contained therein.

///

///

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The complaint as a whole, and each purported claim for relief alleged therein, fails to state facts sufficient to constitute a claim for relief against Defendant.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's purported claims for emotional distress damages are barred because the exclusive remedy for Plaintiff's alleged emotional distress and other injuries, if any, is before the California Workers' Compensation Appeals Board pursuant to the exclusive remedy provisions of the California Workers' Compensation Act (see California Labor Code section 3600 et seq). Plaintiff's Complaint alleges an injury compensable under the California Workers' Compensation Act because Plaintiff alleges that her injuries: (1) occurred at a time when both Plaintiff and Defendant were subject to Labor Code section 3600(a); (2) occurred in the course of and incidental to her employment; and (3) were proximately caused by the employment.

### THIRD AFFIRMATIVE DEFENSE

3. Defendant is informed and believes and thereon alleges that the Complaint, and each purported claim for relief alleged therein, is barred by the doctrine of after-acquired evidence, or the doctrine of after-acquired evidence limits and reduces Plaintiff's alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

4. Defendant is informed and believes and thereon alleges that Plaintiff is barred from recovering any damages for lost wages, or any recovery for lost wages must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate her alleged damages.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred because Plaintiff is estopped by her own conduct to claim any right to damages or any relief against Defendant.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's Complaint, and each purported claim for relief therein are barred by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

7. Defendant is relieved of any liability whatsoever as to Plaintiff's causes of action because any unlawful conduct alleged against its current and/or former employees occurred outside the course and scope of their employment.

### EIGHTH AFFIRMATIVE DEFENSE

8. The injuries which Plaintiff alleges in her Complaint, and each claim for relief thereof, if they exist at all, resulted from a cause or causes not proximately related to any act or omission by Defendant.

### NINTH AFFIRMATIVE DEFENSE

9. Defendant is relieved of any liability whatsoever as to Plaintiff's claims for damages set forth in the Complaint to the extent Plaintiff seeks redress for physical and emotional injuries arising from preexisting physical or mental conditions.

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiff comes to this Court with unclean hands, and is, therefore, barred from recovery under this Complaint, or any claim for relief thereof.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred by the doctrine of waiver.

### TWELFTH AFFIRMATIVE DEFENSE

12. The Complaint, and each purported claim for relief alleged therein, fails to state a cause or causes of action for punitive damages against Defendant under California Civil Code sections 3294 and 3295 or under applicable federal law.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. The Complaint, and each purported claim for relief alleged therein, fails to state a cause or causes of action for attorneys' fees against Defendant.

1 **FOURTEENTH AFFIRMATIVE DEFENSE**

2       14.    Plaintiff's purported First Claim for Relief is barred in whole or in part because any and all actions taken by Defendant with respect to Plaintiff served in a significant way the legitimate business-related goals of Defendant.

5 **FIFTEENTH AFFIRMATIVE DEFENSE**

6       15.    Any recovery on Plaintiff's Complaint and each purported claim for relief alleged therein must be barred or reduced to the extent that Plaintiff did not exercise reasonable care and failed to take advantage of, and exhaust, the preventive or corrective opportunities provided by Defendant. Defendant has exercised reasonable care to prevent and correct promptly any acts of discrimination, harassment and retaliation. Defendant maintains and enforces policies prohibiting discrimination, harassment and retaliation of and against its employees. These policies encourage employees to come forward with complaints of harassment, discrimination and retaliation and provides for discipline (including termination) of any employee (including supervisors) found to have violated Defendant's policies prohibiting discrimination, harassment and retaliation.

16 **SIXTEENTH AFFIRMATIVE DEFENSE**

17       16.    Plaintiff's purported First Claim for Relief is barred in whole or in part by the statute of limitations of the Family Medical Leave Act of 1993, 29 U.S.C. sections 2601, *et seq*.

20 **SEVENTEENTH AFFIRMATIVE DEFENSE**

21       17.    Plaintiff's purported First Claim for Relief is barred in whole or in part because Plaintiff failed to exhaust her administrative remedies under the Family Medical Leave Act of 1993, 29 U.S.C. sections 2601, *et seq*.

24 **EIGHTEENTH AFFIRMATIVE DEFENSE**

25       18.    Plaintiff's purported First Claim for Relief is barred in whole or in part by the statute of limitations contained in California Government Code sections 12900 *et. seq.*

27 ///

28 ///

**NINETEENTH AFFIRMATIVE DEFENSE**

19.     Plaintiff's purported First Claim for Relief is barred in whole or in part because Plaintiff failed to exhaust her administrative remedies under the California Fair Employment and Housing Act, Government Code section 12900 *et. seq.*

**TWENTIETH AFFIRMATIVE DEFENSE**

20.     The Complaint, and each purported claim for relief alleged therein, fails to state a cause or causes of action for punitive damages against Defendant because any alleged discriminatory or retaliatory conduct by Defendant's employees (which Defendant denies) was contrary to Defendant's anti-discrimination, anti-harassment and anti-retaliation policies, which Defendant implemented in good faith and fairly and adequately enforced.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21.     Plaintiff's claims for relief are barred because, to the extent that any actions of Defendant or its agents could be construed as unlawful retaliation, harassment or discrimination (which Defendant denies), Defendant took immediate and appropriate corrective action to remedy and stop such conduct.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22.     Plaintiff's purported First Claim for Relief is barred in whole or in part by the statute of limitations contained in California Code of Civil Procedure sections 340(c) and/or 335.1.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23.     Plaintiff's purported First Claim for Relief is barred because any and all actions taken by Defendant with respect to Plaintiff were taken in good faith for legitimate, non-discriminatory and non-retaliatory reasons.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24.     Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred because Plaintiff was not eligible for CFRA/FMLA leave because her leave exceeded twelve workweeks in a twelve month period.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25. Because the Complaint is couched in conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to the within action. Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

WHEREFORE, Defendants pray for judgment as follows:

1. The Plaintiff take nothing by her Complaint;
2. That the Complaint be dismissed in its entirety with prejudice;
3. That the Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;
4. For cost of suit incurred herein, including reasonable attorneys fees; and
5. For such other and further relief as the Court deems just and equitable.

Date: August 13, 2008                         BASHAM PARKER LLP


By: /s/
    GARY R. BASHAM
    SHANNA M. McDANIEL

    Attorneys for Defendant
    RADIOSHACK CORPORATION